## (November 29, 1965)

ROBERT BARRICK, Appellant, v. MARILYN BARRICK et al., Respondents.— In an action labeled " Action to reform mortgage," plaintiff appeals (1) from an order of the Supreme Court, Kings County, entered February 11, 1964, which granted defendant Marilyn Barrick's motion to dismiss the complaint pur-suant to statute (CPLR 3211, subd. [a], par. 7), in that the complaint fails to comply with the provisions of CPLR 3016 (subd. [a]) ; and (2) from a judgment for costs, entered February 25, 1964 upon said order. Order reversed, with $10 costs and disbursements; motion denied; and judgment vacated. The time to answer is extended until 20 days after entry of the order hereon. The complaint, seeking reformation, alleged that plaintiff and defendant Marilyn Barrick are husband and wife; that plaintiff had purchased a house with his own funds and, for convenience, took title thereto in defendant wife's name; that he thereafter sold the house to defendant Chana Steinfeld and, for convenience, took a pur-chase money bond and mortgage in the name of defendant wife, who warranted and represented that she would assign the bond and mortgage to plaintiff upon his request. It is then alleged that, as a result of the fraud of defendant wife, the bond and mortgage were " improperly " drawn and did not express the terms of the agreement between plaintiff and defendants, and that due demand to assign the bond and mortgage was made by plaintiff and refused by defendant wife. The relief sought is that the bond and mortgage be reformed so as to name plaintiff instead of defendant wife as payee, and for other relief. On motion of defendant Marilyn Barrick, the court dismissed the complaint and held that plaintiff had failed to establish the essential elements of an action

for reformation, which are either mutual mistake of the parties or mistake of one, coupled with fraud of the other. While we are in accord with the finding that the allegations of the complaint are insufficient to state a cause of action for reformation (*Salomon* v. *North British & Mercantile Ins. Co.*, 215 N. Y. 214; *Nash* v. *Kornblum*, 12 N Y 2d 42; *Turnpike Serv. Station* v. *Blue Bird Petroleum Corp.*, 18 A D 2d 723), we are nevertheless of the opinion that the complaint should be sustained in view of the policy of liberal construction of pleadings where a substantial right of a party is not prejudiced (CPLR 3026; *Foley* v. *D'Agostino*, 21 A D 2d 60; see, also, *Condon* v. *Associated Hosp. Serv.*, 287 N. Y. 411; *Dulberg* v. *Mock*, 1 N Y 2d 54; *Kain* v. *Larkin*, 141 N. Y. 144). The complaint at bar sets forth facts and circumstances constituting a wrong for which plaintiff is entitled to relief. We are of the opinion that a valid cause of action "can be fairly gathered from all the averments" in the complaint (*Condon* v. *Associated Hosp. Serv.*, *supra*). Beldock, P. J., Ughetta, Brennan, Rabin and Hopkins, JJ., concur.