Gerald Nolan, J.
The plaintiffs move for summary judgment pursuant to CPLR 3212 against the defendant Nationwide Insurance Company. The action is brought by the plaintiffs, who are, respectively, the executors of the estate of John Rotsettis, the administrators of the estate of Theoni Rotsettis, and the receiver of the assets of one Louis Porter. On November 28, 1961 Louis Porter was operating a motor vehicle which was in collision with another vehicle. As a result of the collision, John Rotsettis and Theoni Rotsettis suffered injuries from which they died. Louis Porter was insured against liability in such a case, to the extent of $20,000 by the defendant which had issued its policy through a premium finance agency, Premier Credit Corporation. Its policy contained an indorsement by which the policyholder directed the company to honor any requests from Premier to cancel the policy, as though such requests were made by the policyholder and the premium finance agreement contained a provision appointing Premier, attorney in fact for the policyholder, empowered to request cancellation *669 of the policy. The policy provided that it might be canceled by the named insured, Porter, by mailing to the company written notice stating when thereafter the cancellation should take effect.
When Louis Porter was sued by the representatives of the deceased John and Theoni Rotsettis he forwarded the papers in the action to the defendant, who procured counsel to appear for him. Am answer was interposed, a bill of particulars of plaintiffs’ claims was demanded, and a notice of examination before trial was served. Thereafter the defendant advised Louis Porter that it was withdrawing from his defense. Counsel who had appeared for him also notified him that they were withdrawing, and an order was made by this court on March 27, 1963, permitting the withdrawal of counsel, and authorizing the taking of an inquest against Louis Porter. Judgment was thereafter entered, on his default, against Louis Porter in the aggregate amount of $179,462.50. The reason for the abandonment of the defense of the action, by the defendant, as stated in response to this motion is that on November 10,1961, Premier Credit Corp. had served a notice on Louis Porter, canceling defendant’s policy as of November 23, 1961, prior to the date of the accident involved in the action, and that at the time of the accident Louis Porter was not insured against liability by the defendant. It is asserted that on November 14, 1962, it was discovered by the defendant that the policy had been canceled and that the insured, Louis Porter was promptly notified that the defendant, and the attorneys who had appeared for him intended to withdraw from his defense.
The complaint in the present action includes four causes of action. The first two, on behalf of the plaintiffs who are executors and administrators, are brought pursuant to section 167 of the Insurance Law and it is alleged in the first cause of action that the policy of insurance issued by the defendant was in full force and effect on the date of the accident and that defendant breached its duty, pursuant to the policy to defend the insured, Louis Porter, and judgment is demanded in the amount of $179,462.50, with interest against Louis Porter from December 9, 1962. In the second cause of action it is alleged that as a result of the conduct of the defendant plaintiffs were prevented from filing a timely claim against the MVAIC to their damage in the amount of $20,000.
The third and fourth causes of action are asserted on behalf of the plaintiff Gerald Gordon as receiver. In the third cause of action it is alleged that the defendant negligently breached its duty to defend Louis Porter to his damage in the amount of the judgment $179,462.50. In the fourth cause of action it *670 is alleged that the defendant breached its duty under an implied covenant of fair dealing to defend Louis Porter and to settle the actions brought against him, when defendant had a reasonable opportunity to do so. It is not denied that defendant had adequate opportunity to settle the action against Louis Porter within the policy limits after it had been informed of the weakness of its position with respect to the alleged cancellation of the policy and refused to do so, or to continue the defense of its insured. Recovery is sought under the causes of action of the full amount of the judgment against Porter, with interest.
The plaintiffs executors and administrators are entitled to judgment, under the first cause of action, but only in the amount of the face amount of the policy, $20,000, with interest. It appears on the conceded facts that defendant’s policy was in force on the date of the accident, November 28, 1961.
Whatever right Premier Credit Corp. had to cancel the policy issued by the defendant was derived from section 576 of the Banking Law, which provides for such cancellation when a premium finance agreement contains a power of attorney or other authority enabling a premium finance agency to cancel the insurance contract. No such authority was given Premier, which was appointed the attorney in fact for the insured only to request cancellation from the insurance company. Presumably the insurance company would have canceled, on receiving such a request, but it was not required to do so. It was required to receive and honor such a request just as though it had been made by its insured, but could, if for any reason such action might appear advisable, continue its coverage despite such request unless it should receive notice of cancellation from its insured stating when thereafter the cancellation should be effective. (Cf. Johnson v. General Mut. Ins. Co., 48 Misc 2d 219, affd. 26 A D 2d 602.) No authority was given Premier to send such a notice. Moreover if Premier had such authority it does not appear that the notice of cancellation given by Premier was sufficient. Section 576 of the Banking Law requires 13 days’ notice, if the notice is given by mail, stating the exact time and date of the cancellation. Here the proof indicates that notice was given by mail on November 10, 1961, stating that the effective date of cancellation would be November 23, 1961 at 12.01 a.m. Although the question is not free from doubt, in view of the provisions of section 20 of the General Construction Law which require that such a period be computed by excluding the day from which the reckoning is made, which could be the day of cancellation or the day of the giving of the notice (cf. H.E. & S.T. Corp. v. Checker Cab *671 Sales Corp., 271 N. Y. 239, 243), the language of the statute which requires the statement of the exact time and date of the cancellation appears to require 13 full days’ notice, if notice is given by mail, and the statute has been so construed. (Johnson v. General Mut. Ins. Co., supra; Cannon v. Merchants Mut. Ins. Co., 35 Misc 2d 625.)
Although the judgment against Louis Porter was entered on his default, it is nevertheless binding on the defendant, there being no claim of fraud or collusion on the part of Porter, or the plaintiffs. (Cf. Annett v. Terry, 35 N. Y. 256; Conner v. Reeves, 103 N. Y. 527, 532; Cardinal v. State of New York, 304 N. Y. 400.) Recovery under the first cause of action, however, must be limited to $20,000, with interest from the date of the entry of judgment against defendant’s insured, and costs taxed therein. (Insurance Law, § 167, subd. 1, par. [b], and see policy, Part I, coverage P, and part II, supplementary payments.)
With respect to the other causes of action, the motion is denied. The papers and proof submitted are not sufficient to warrant the court, as a matter of law, in directing judgment thereon. It does not appear therefrom that the defendant breached any duty that it owed the plaintiffs, or any of them with respect to a claim against MVAIC or that the plaintiff Gordon is entitled to recover for damages sustained by Louis Porter through negligence of the defendant, without negligence on his part contributing thereto. Neither may it be determined in the papers and proof submitted that the defendant acted fraudulently or in bad faith in refusing to settle or defend the action against Porter (cf. Auerbach v. Maryland Cas. Co., 236 N. Y. 247; Best Bldg. Co. v. Employees Liab. Assur. Corp., 247 N. Y. 451) nor does it appear that Louis Porter suffered any damage from defendant’s violation of its agreement to defend him, other than that which he suffered from the failure of the defendant to pay the judgment, to the extent of its liability, in accordance with its obligation under the policy (cf. Grand Union Co. v. General Acc., Fire & Life Assur. Corp., 254 App. Div. 274, 281, affd. 279 N. Y. 638; Brassil v. Maryland Cas. Co., 210 N. Y. 235). The order to be presented may provide for the severance of the first cause of action, the entry of judgment thereon, and for the continuation of the action, as pleaded in the second, third and fourth causes of action.