Breitel, J.
Involved are an appeal and cross appeals on summary judgment, and the assessment of damages at a nonjury trial, in declaratory judgment actions arising out of an automobile accident and the wrongful cancellation of liability insurance covering the driver owner. The insured driver owner (Kucskar) appeals from the order of the Appellate Division, reducing his recovery against the insurer (General Mutual) from $3,000 to $500. The court permitted him to recover only his legal expenses in defending the personal injury tort action brought against him, as a result of the accident, thus disallowing his expenses of defending the declaratory judgment actions and prosecuting his cross claims against the insurer, and also disallowing consequential damages resulting from the wrongful cancellation of his liability insurance. The insurer cross-appeals from the order reducing the judgment rendered against it on the ground that the cancellation of the insurance was proper if the notice of the cancellation was personally served, and whether there was such service constituted an issue of fact which could not be determined on summary judgment. The insurer also cross-appeals from a denial of summary judgment in its favor against Agent’s Service Corp., a third-party defendant, on a prior appeal to the Appellate Division (26 A D 2d 602).
The insured is entitled to a modification awarding him damages for his expenses in defending these declaratory judgment actions. He may not, however, recover the expenses of prosecuting his cross claims against the insurer. On the other hand, the disposition of his claim for consequential damages resulting from the cancellation of his insurance should be without prejudice to his maintaining a separate action for that purpose. In such action he might show that he was unable to mitigate his damages, for example, by obtaining substitute insurance or by other appropriate measures. On the insurer’s cross appeal against the insured, Kucskar, there should be an affirmance. The insurer’s affidavits belie personal service of the notice of cancellation of insurance and, therefore, cancellation was inef *47 fective and improper. The fact of notice may be relevant, however, in any action the insured may bring to recover consequential damages for the wrongful cancellation, of his insurance. As for the cross appeal by the insurer against Agent’s Service Corp. the issues were never developed properly in the insurer’s affidavits, and, hence, affirmance of the denial of summary judgment against Agent’s is required.
The present declaratory judgment actions were brought by Motor Vehicle Accident Indemnity Corporation (MVAIC), as subrogee, in the name of the infants injured (the Johnsons) in the automobile accident. It was sought to compel the insurer to defend separate tort actions which MVAIC had also brought on behalf of the injured infants against the insured. The insured was joined as a defendant in the declaratory judgment actions. He cross-claimed against the insurer to require the insurer to defend the pending tort actions and also for damages sustained by him in defending .all the still pending actions brought by MVAIC, for prosecuting his cross claims, and for damages consequent on the wrongful cancellation of insurance. The insurer served a third-party complaint against the broker Ahearn, and Agent’s Service Corp., the finance company which financed the payment of insured’s premium for his liability insurance. Ahearn is not a party to this appeal.
The original tort action, brought by the injured infants and no longer pending, went to judgment on default, the insurer refusing to defend. The judgment was later vacated without prejudice, because a guardian ad litem had not been appointed for defendant Kucskar, then still an infant. MVAIC was then sued and the infant plaintiffs recovered judgment against it in their favor, In due course, MVAIC, as subrogee for the injured infants, sued the insured. These actions evidently are still pending.
Insured obtained insurance in June, 1961 through a broker, Ahearn, who arranged for the premium to be advanced by Agent’s which, in turn, would be reimbursed in installments paid by the insured. On October 14, 1961 the accident occurred in which the infant plaintiffs were injured. On October 21, 1961 insured was notified by the insurer by letter that his insurance had been canceled as of September 24, 1961. The cancellation was based on mailed notices of termination sent September 11, *48 1961 to the insured .and the insurer by Agent’s, purportedly under the premium financing agreement. The assigned reason was a default in the payment of installments on the premium loan but, in fact, insured had paid the installment in question and Agent’s, therefore, had no right to attempt cancellation of the insurance. Moreover, and this is critical in eliminating an issue of fact from the case, Agent’s failed to give the insured 13 full days ’ notice of termination as required by statute in the event the notice is given by mail (Banking Law, § 576, subd. 1, par. [b]).
Summary judgment was rendered against the insurer in favor of the injured infants and insured requiring the insurer to defend the other tort actions and to pay any judgments rendered therein within the insurance policy limits. Insured was also granted summary judgment on his cross claims against the insurer. On the assessment of damages, the trial court allowed insured all of his damages up to $3,000. The Appellate Division, however, modified the judgment by disallowing insured’s expenses in the declaratory judgment actions and his claim for consequential damages (28 A D 2d 945). In limiting the litigation expense to the defense of the tort actions, the court relied on Doyle v. Allstate Ins. Co. (1 N Y 2d 439). It excluded the consequential damages sought for deprivation of insured’s automobile operator’s license and registration, as speculative and conjectural, even if it could sustain insured’s theory of liability.
It is simplest to dispose of the insurer’s cross appeal first. The courts below correctly found from the insurer’s affidavits that Agent’s notice of termination was sent by mail, and was not served personally. Since service by mail requires 13 full days’ notice, it was a nullity (Banking Law, § 576, subd. 1, par. [b]; Johnson v. General Mut. Ins. Co., 48 Misc 2d 219, 224, affd. 26 A D 2d 602; Cannon v. Merchants Mut. Ins. Co., 35 Misc 2d 625; cf. MV AIC v. Davidson, 56 Misc 2d 246, 249; see Rotsettis v. Nationwide Mut. Ins. Co., 58 Misc 2d 667, affd. 31 A D 2d 722, mot. for lv. to app. den. 23 N Y 2d 646). .Consequently, it is not necessary to consider the effect of a timely notice without a proper basis, namely, nonpayment of a premium loan installment, which in fact had been paid.
The Doyle case (supra) does indeed stand for the proposition that the duty to defend and indemnify under standard policy *49 provisions is confined to actions in which the insured may be cast in monetary damages. It also stands for the proposition that expenses incurred in an action to establish insurance coverage are not recoverable.
A similar rule was further explicated in a quite different context in Sukup v. State of New York (19 N Y 2d 519) in which it was said that an “ insured cannot recover his legal damages in a controversy with a carrier over coverage, even though the carrier loses the controversy and is held responsible for the risk ” (p. 522). The Sukup case involved a controversy in a workmen’s compensation matter in which, as a matter of course, the issue of coverage arises from the nature of workmen’s compensation liability. As this court noted, the carrier had not refused to defend the workmen’s claim but had suggested that the employer participate since substantive coverage of the claim was involved (p. 521). The distinct difference between failure to defend and disagreement as to substantive coverage was made entirely clear by the court in the ensuing discussion (p. 522). Thus, despite the differences between a failure to defend and a dispute over coverage, insured is not barred by anything said in the Sukup case from recovering his consequential damages resulting from the insurer’s failure to defend the tort actions which in turn brought about directly the present declaratory judgment actions.
The Doyle holding (1NY 2d 439, supra) was made in reference to actions brought by the insured to establish coverage, a situation quite different from one, as here, where the action is brought by the injured persons against both the insured and the insurer. Then the insured’s burden is that of defense, and not of attack on the insurer, and, more important, the declaratory judgment action is purely incidental to the tort action. It would not be realistic to separate the consequences of such a declaratory judgment action from the tort action, both being brought by the tort plaintiff. Consequences of a breach of the duty to defend is not thus limited in the policy provisions.* The fact is that the expense of defending the declaratory judg *50 ment actions arose as a direct consequence of the insurer’s breach of its duty to defend the tort actions. Hence, the expense is a compensable damage sustained by insured.
But, for the very reasons given in the Boyle and Sukup cases, insured’s cross claim to recover the expenses in prosecuting the cross claim itself, either to obtain a declaration or to recover legal expenses, does not give rise to actionable damages. In practical effect, most of the litigation expenses incurred in the declaratory judgment actions are not compensable, because incurred in prosecuting the cross claims, but those incurred merely defending the actions may be. The compensable amount may be fixed upon a new hearing in the trial court; a new hearing is required in any event because the hearing court did not, due to the difficulty, separate the litigation expenses incurred by the insured.
In permitting insured to recover part of his litigation expenses in these actions there is a seeming departure from the general rule that litigation expense occasioned, or to be occasioned, in a pending action, may not be made the subject of a cross claim in that action. To do so would allow the institution of what is merely a contingent cause of action (cf. Atlantic Gulf & West Indies S. S. Lines v. City of New York, 271 App. Div. 1008). But such a rule should hardly apply to a situation like this one where there will be, inevitably, intermingled expenses incurred in the pending tort actions and these, and it would be unwise to multiply the already large number of litigations arising out of this simple accident. Consequently, in this insurance situation where the insured is required to defend more than the tort action, the general rule should not be applied except when, in the exercise of discretion, the trial court would find that the issues are premature or would involve confusion.
The other consequential damages claimed by insured raise other difficult questions. It is not remote, at least as a matter of law, that cancellation of automobile liability insurance may entail economic damage to an insured, especially when there has been an accident. The wrongful termination of insurance (or advice to that effect to the Motor Vehicle authorities under a system of compulsory insurance) will inevitably affect detrimentally the insured’s operator’s license and motor vehicle reg *51 istration (see, e.g., Vehicle and Traffic Law, § 318, subd. 1, par. [a]; §§ 332, 335).
Teeter v. Allstate Ins. Go. (9 A D 2d 176), relied on by the insurer, does not really support its contention. In that case, Mr. Justice Halpern, writing for the court, declined to pass on the question of consequential damages. It was held only that it was improper to include the claim in the action brought by the insured against the insurer for a declaratory judgment. Indeed, the -dismissal of the claim was without prejudice to plaintiff’s bringing an action at law for damages (id., pp. 185-186).
The procedure in the Teeter case should be followed here. The disposition of the claim for consequential damages should be without prejudice to insured’s bringing a separate action at law for that purpose. An additional purpose would be served. Insured has a duty to mitigate his damages (13 N. Y. Jur., Damages, §§ 23-26). It is, therefore, incumbent on him to show that he could not obtain substitute insurance or arrange for some other alternative to gain restoration of his license or obtain automobile registration. There may also be a question of good faith in this tripartite situation among the insured, the insurer, and the premium financing company. In the Teeter case (supra) there was a suggestion to that effect, but the court does not pass upon it. If the element of good faith is material, however, it' may be that insured has a cause of action only against Agent’s.
Accordingly, the order of the Appellate Division should be modified to remand the action for a new hearing as to damages in accordance with the views expressed herein; the dismissal of the claim for damages consequential on the cancellation of insurance should be without prejudice to defendant-appellant-respondent Kucskar’s instituting a separate action at law as he may be advised; and the order otherwise should be affirmed, with costs to defendant-appellant-respondent Kucskar against defendant-respondent-appellant General Mutual.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Keating and Jasen concur.
Order modified in accordance with the opinion herein and, as so modified, affirmed, with costs to appellant-respondent Kucskar against respondent-appellant General Mutual.

 Strangely, the record, lacking in other details as well, does not include a copy of the policy or its relevant provisions. The pleadings, however, establish as an undisputed fact that the insurer had the obligation to defend personal injury actions brought against the insured.