■ GLENS FALLS INSURANCE COMPANY, Respondent, v. UNITED STATES FIRE INSURANCE COMPANY, Appellant-Respondent; LORRAINE G. CASEY, Respondent-Appellant, and EDITH L. BEAUMONT et al., Respondents.— Cross appeals from a judgment of the Supreme Court, entered on September 29, 1972 in Rensselaer County, upon a decision of the court at a Trial Term, without a jury. On August 30, 1968 an automobile accident occurred on Flicker Hill Road in the Town of Grafton involving a vehicle driven by Lorraine G. Casey and one driven by Robert T. Beaumont, resulting in personal injuries to members of the Beaumont family. Mrs. Casey was operating a 1968 Chrysler, owned by the County of Rensselaer, and furnished to her husband Joseph Casey who then was Superintendent of Highways of the County of Rensselaer. The Beaumonts commenced a legal action against Lorraine G. Casey and the County of Rensselaer and the insurance carrier of the county disclaimed coverage which resulted in the carrier of Lorraine G. Casey bringing an action for a declaratory judgment to determine the respective rights and liabilities of the parties relative to coverage under the liability policies. The court below found, among other things, that Lorraine G. Casey, at the time of the accident, was using the county vehicle in furtherance of county business and that the coverage of the county's insurance policy extended to her in the actions arising out of the accident. The record supports this finding. Once ownership is established, a presumption arises that the vehicle is being driven with the owner's consent (*Burmaster* v. *State of New York*, 7 N Y 2d 65, 68) and that presumption continues until there is substantial evidence to the contrary (*Hukey* v. *Massachusetts Bonding & Ins. Co.*, 277 App. Div. 411, 413). As Superintendent of Highways, Mr. Casey was on so-called 24-hour call and the county vehicle furnished to him was equipped with telephone and radio equipment enabling instant communication with the county garage and other county vehicles. No specific limitations were placed upon the use of the vehicle by the County Board of Supervisors. On the day of the accident the Casey family was at their camp at Babcock Lake and the county vehicle was parked outside. A call for the Superintendent came from the county garage and was taken by Mrs. Casey. For the purpose of informing Mr. Casey of the call, who was about one half mile away on the beach, she drove the county vehicle toward the beach and in the course of doing so became involved in an accident. Her mission, therefore, was related to the work of her husband and use of the county vehicle for that purpose was justifiably considered county business. This is so, notwithstanding the fact that she did not inquire as to the purpose of the call but assumed it to be for job-related business, having come from the county garage. In this respect, it is not a case of personal use

of a vehicle but rather to what extent, in view of the blanket use by the employee, a nonemployee's use might tie in with the official duties of the employee (*Burmaster* v. *State of New York, supra*). The circumstances of contemplated use of the vehicle by the Superintendent at any hour of the day and the lack of limiting instructions all spell out an implied consent for the use given it by the wife of the Superintendent on that day (General Municipal Law, § 50-b). The definition of "persons insured" in the subject policy provides the contractual obligation to "any other person while using an owned automobile * * * with the permission of the named insured", and express consent from the "named insured" is not required. An insured is entitled to recover the expenses of defending a declaratory judgment brought as a result of an insurer's breach of its obligation to defend a tort action related to its disclaimer (*Johnson* v. *General Mut. Ins. Co.,* 24 N Y 2d 42, 50). The stipulated value of the legal fees is awarded to the attorneys of Lorraine G. Casey for the trial with rights reserved to apply for a further allowance in relation to this appeal. Judgment modified, on the law and the facts, so as to reverse the denial of counsel fees to the attorneys of Lorraine G. Casey and to award the stipulated value of such legal services, and, as so modified, affirmed, with costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.