OPINION OF THE COURT
Bentley Kassal, J.
Plaintiff insurance company’s action is for a declaratory judgment against its insured, under a "Travel Agent’s Professional Liability Policy”, to determine its obligations, if any, in regard to a class action commenced by various travelers against its insureds (as well as other parties). Specifically, the action seeks a declaration that the policy does not afford coverage for the claims in the class action and that there is no duty to defend, indemnify or pay any legal fees of the defendant in the class action, and rescission and cancellation of the policy ab initia.
On this motion, the insureds, Diamond Tours & Travel, Inc., and John W. Dixon (collectively Diamond), seek summary judgment to the contary, declaring that plaintiff American Home Assurance Co. (American) is required to defend and indemnify them in the class action (the collateral action).
Initially, it should be noted that Diamond concedes that questions of fact exist, precluding summary judgment at this time on the issue of American’s obligation to indemnify them under the insurance policy. Diamond’s suggestion for a conditional declaration of their rights to indemnification at this time is inappropriate in view of the several issues that must *735 be resolved before American’s obligation to indemnify can be established.
FACTS
In the collateral action, Diamond (and numerous codefendants) were sued by purchasers of charter tours for damages, resulting from a failure of the defendants in that action to provide various services, advertised as part of the tour package. The third cause of action pleaded in that complaint essentially sought rescission of the tour package contract and return of the moneys paid, actual and punitive damages for willful misrepresentation and consequential damages resulting from breach of contract.
The insurance policy issued by American to Diamond provided coverage, inter alla, for "any negligent act, error or omission of the insured or any other person for whose acts the named insured is legally liable in the conduct of travel agency operations by the named insured”. This very broad coverage was modified by several express exclusions of coverage including one for "liability arising out of any act, error or omission which is wilfully dishonest, fraudulent or malicious, or in wilful violation of any penal or criminal statute or ordinance, and is committed (or omitted) by or with the knowledge or consent of the insured” (exclusion P).
Under "Persons Insured”, the policy also expressly did not apply to "liability arising out of the conduct of any partnership or joint venture of which the insured is a partner or member and which is not designated in this policy as a named insured.” Some time after receiving notice of the collateral action against Diamond, a letter was sent by American, denying coverage and refusing to furnish a defense on the grounds that the action alleged:
(1) that the complaint alleged that the various defendants had conspired and joined together in the formation of a joint venture and, accordingly, such joint venture was not covered by the policy;
(2) that the complaint alleged that the defendants’ acts and misrepresentations were alleged to be fraudulent, deceptive and that the defendants had knowingly, willfully and maliciously made such representations and, as such, were expressly excluded from coverage by exclusion P referred to above;
*736 (3) that the policy does not cover punitive damages, which were sought in the complaint;
(4) that Diamond had fraudulently induced the issuance of the policy on the basis of material misrepresentation of facts and, accordingly, the policy was void.
ISSUE
As to the last ground, material misrepresentations in obtaining the policy, no evidence has been submitted by American here in support of that position and, accordingly, for the purposes of this motion, that issue must be resolved in favor of Diamond. Thus, the issue is narrowed to whether the complaint in the collateral action, which sought damages based upon allegations including (1) that of a conspiracy and (2) fraudulent, intentional and malicious misrepresentation, stated facts within the coverage of the policy sufficient to require American to provide a defense for Diamond.
CONCLUSION
This policy, like most liability policies, requires American to defend any action against Diamond "even if any of the allegations of the suit are groundless, false or fraudulent”. Under this provision American was obligated to provide a defense where the allegations in the complaint came within some coverage of the policy "regardless of whether such allegations squared with objective truths or were utterly false and groundless” (Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y., 297 NY 148, 153). It is only if the alleged facts are clearly outside the coverage of the policy that the insurer is free of an obligation to provide a defense. (Lionel Freedman, Inc. v Glens Falls Ins. Co., 27 NY2d 364, mot for rearg den 28 NY2d 859.) The fact that any of the grounds alleged in the complaint would be within the coverage provided by the insurance policy is enough to trigger the responsibility of the insurance company to provide a defense to the action. (Prashker v United States Guar. Co., 1 NY2d 584, 592.)
Accordingly, as it has often been said, the duty to defend is broader than the duty to pay. (Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y., supra; International Paper Co. v Continental Cas. Co., 35 NY2d 322; Utica Mut. Ins. Co. v Cherry, 38 NY2d 735; American Home Assur. Co. v Port Auth. of N. Y. & N. J., 66 AD2d 269.) As recently reaffirmed by our Appellate Divi *737 sion in American Home Assur. Co. v Port Auth. of N. Y. & N. J. (supra) the question which must be answered on a motion such as this is not whether the injured part can maintain a cause of action against the insured but whether the complaint states facts which bring the injury within the coverage of the insurance policy. The possibility of recovery, however remote, invokes the obligation to defend (American Home Assur. Co. v Port Auth. of N. Y. & N. J., supra, p 278, and the cases cited thereat).
It is a well-established rule in this jurisdiction that pleadings must be liberally construed and that where the pleading states facts giving rise to any cause of action, the failure to establish the specific cause of action asserted is not fatal. (CPLR 3026; Foley v D'Agostino, 21 AD2d 60; Guggenheimer v Ginzburg, 43 NY2d 268.) The statements in the pleading need only give notice of "the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense.” (CPLR 3013; Foley v D'Agostino, supra; Guggenheimer v Ginzburg, supra.) So long as the complaint contains facts which constitute the material elements of a cause of action, the "theory of the pleadings”, as originally alleged, will not defeat a claim based upon a different theory. (Lane v Mercury Record Corp., 21 AD2d 602, affd 18 NY2d 889; Guidetti v Pratt Plumbing & Heating, 55 AD2d 720; Barrick v Barrick, 24 AD2d 895.)
Viewed on the basis of the above principles, the fact that the complaint in the collateral class action alleged that several defendants had acted in concert would be no bar to a judgment against the defendants Diamond based upon their own liability for individual or independent acts, at the very least.
Similarly, although the complaint in the class action alleged that Diamond had deliberately, knowingly, willfully and maliciously misrepresented the nature of services provided in the tour package, the facts pleaded are sufficiently broad to support a judgment based upon a theory of negligent misrepresentation. (See, generally, International Prods. Co. v Erie R. R. Co., 244 NY 331; Courteen Seed Co. v Hong Kong & Shanghai Banking Corp., 245 NY 377; Ultramares Corp. v Touche, 255 NY 170.) Thus, in spite of the allegations of intentional acts, American had notice that Diamond might be subject to judgment based upon a "negligent act, error or omission” within the scope of the policy and, with such notice, the obligation to *738 provide a defense attached. (Brown v Underwriters at Lloyd’s, 53 Wn 2d 142; Conner v Transameriea Ins. Co., 496 P 2d 770 [Okla].)
Lastly, regarding punitive damages, although such damages are excluded from coverage under the policy, if the same factual elements, supporting punitive damages, would support actual damages under a claim otherwise covered by the policy, the carrier would have an obligation to defend, irrespective of the duty to indemnify.
Accordingly, the motion for summary judgment is granted to the extent of declaring that there exists a duty imposed upon American to defend Diamond in the underlying collateral class action and that such duty is not extinguished, diminished or otherwise excluded by exclusionary clause P or any other clause of the policy. As to the remainder of the complaint, the motion for summary judgment is denied, there being issues of fact which preclude such relief at this time.
(On reargument, January 3, 1980)
ISSUE
Where an insurance carrier, denying all coverage, commences an action against the insured, seeking a declaratory judgment that it has no obligation under its policy either to defend or to indemnify the insured under the policy, may the insured recover its reasonable legal expenses for the following court proceedings:
(1) obtaining a judgment on its counterclaim, declaring that the insurance company was in fact obligated to provide a defense to an action brought by another party against the insured? and/or
(2) defending an action brought against the insured by the said third party, after defendant obtained the judgment declaring that the insurance company was obligated to defend but prior to a determination of whether the insurance company has an obligation to indemnify?
The defendants’ motion for leave to reargue is granted and, upon reargument, the prior decision and order are modified, as follows:
PRIOR MOTION
Plaintiff, an insurance company, commenced this action for *739 a judgment declaring (1) that the policy issued to the defendants, its insureds, did not cover the claims asserted against the defendants in a collateral action and (2) that it owed no duty to defend, indemnify or pay any legal fees of the defendant in that collateral action. In their answer, the defendants asserted a counterclaim seeking, inter alla, judgment for (1) their attorney’s fees in the defense of the collateral class action, (2) as well as the attorney’s fees, costs and expenses incurred by the defendants in the instant action, for declaratory relief, commenced by the plaintiff. Thereafter, the defendants moved for summary judgment which was granted to the extent of declaring that the plaintiff had a duty to represent and provide a defense for the defendants in the collateral action which duty was not extinguished, diminished or otherwise excluded by any of the provisions of the policy. The decision issued and the order subsequently entered were limited to a declaration of these rights.
PRESENT MOTION
On the present motion, the defendants seek an order modifying the prior order and decision by directing an immediate assessment of the reasonable fees and other expenses incurred in the defense of the collateral action, as well as those incurred in the instant action for a declaratory judgment. Since such relief requires an amplification of the prior decision, the defendants have properly sought such relief by this motion for leave to reargue. (Foley v Roche, 68 AD2d 558, 566-569.)
EXPENSES FOR DEFENSE OF ACTION BY THIRD PARTY AGAINST INSURED
Having obtained a declaratory judgment that the plaintiff was obligated to provide a defense to the defendants in the collateral action, the fact that no defense was provided entitles the defendants to a judgment for the reasonable counsel fees and necessary expenses they incurred in that action. (Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y., 297 NY 148; Sucrest Corp. v Fisher Governor Co., 83 Misc 2d 394, 405 [and the cases cited thereat], affd 56 AD2d 564.) Since the issues involved in this phase of the application have been resolved and do not relate to the other questions which are still open in this action, there is no reason to deny defendants recovery at this time. Accordingly, the request for an immediate assess *740 ment of the expenses incurred in the defense of the collateral action is granted.
EXPENSES IN DECLARATORY JUDGMENT ACTION
The application for the expenses incurred in the defense of the instant action for a declaratory judgment raises a far more interesting question. It is well settled that an insured may not recover the expenses of prosecuting an action against its carrier for declaratory judgment to establish coverage which has been denied. (Doyle v Allstate Ins. Co., 1 NY2d 439, 444; Sukup v State of New York, 19 NY2d 519, 522.) However, the expenses incurred by an insured in defending an action for declaratory judgment commenced by its carrier are recoverable where coverage is found. (Johnson v General Mut. Ins. Co., 24 NY2d 42; Glens Falls Ins. Co. v United States Fire Ins. Co., 41 AD2d 869; Brown v United States Fid. & Guar. Co., 46 AD2d 97.)
Here, the plaintiff, insurance company, after denying any obligation to defend or indemnify the plaintiff, commenced this action for a declaratory judgment, thereby requiring its insured to incur the expenses of defending this action. The fact that the defendants asserted their claims as to coverage as a counterclaim in this action does not change their position. Finally, although the issue of coverage has not yet been resolved, I have found that the plaintiff owed the defendants a legal defense in the collateral action. Thus, to that extent, at least, the defendants have been successful in defending the action for declaratory judgment commenced by the plaintiff insurance company and accordingly, are entitled to recover their reasonable expenses incurred in the instant action.
Settle order and judgment providing for the modification of the prior order and judgment to direct the assessment of the reasonable costs and expenses of the defense of this action as well as the collateral class action.