■ AMERICAN HOME ASSURANCE COMPANY, Appellant, v DIAMOND TOURS & TRAVEL, INC., et al., Respondents. — Order and judgment (one paper), Supreme Court, New York County, entered March 11, 1980, which, *inter alia,* granted leave to reargue and upon reargument adhered to the original grant of summary judgment to defendants on their motion for such relief, declaring that the plaintiff is duty bound to defend the defendants in an underlying collateral class action, unanimously reversed, on the law, with costs and disbursements, defendants' motion for summary judgment denied, and plaintiff granted summary judgment to the extent of declaring that plaintiff has no duty to defend or indemnify the defendants with respect to the underlying collateral class action. Customers of defendant Diamond Tours & Travel, Inc., commenced a class action against Diamond because of gross misrepresentations by Diamond with respect to a charter tour to Club Islandia, in Jamaica, West Indies. Plaintiff, American Home Assurance Company, had issued a travel agent's professional liability policy to Diamond. Diamond referred the class action complaint to plaintiff, who disclaimed coverage on the ground that the policy did not insure against Diamond's own fraud. Plaintiff then instituted the present action for declaratory judgment to confirm the validity of its disclaimer and to obtain

rescission of the policy on the ground that Diamond made false responses and fraudulently concealed information on its application for such insurance which were material to the risk. The insurance policy provides four types of coverage, three of which relate to bodily injury or property damage, which are not involved in the class action. The remaining type of coverage insures against "any negligent act, error or omission of the insured * * * in the conduct of travel agency operations." Excluded from coverage is any act which is willful, dishonest, fraudulent, malicious or in willful violation of penal or criminal statutes, committed with the knowledge of the insured. Clearly, the first and third causes of the three causes pleaded in the class action complaint sound in fraud, not negligence, and are not within the coverage of the policy. Further, the second cause of action in the class action alleging breach of contract is patently bottomed on allegations relating to Diamond's knowledge of the falsity of the representations it was making in the brochure. It is concluded that the alleged acts underlying the class action complaint do not sound in negligence and are willful, fraudulent acts within the exclusionary clause of the policy. Under such circumstances we declare that there is no duty on plaintiff's part to defend or indemnify the insured Diamond under the policy with respect to the underlying collateral class action. In light of the aforesaid, we do not reach the issue posed by plaintiff's second cause of action seeking to rescind the policy. We also note that, assuming plaintiff had appealed from the prior order entered September 14, 1979 which originally granted defendants' motion for summary judgment, such appeal would be dismissed as academic in view of the instant disposition. Finally, although plaintiff did not cross-move for summary judgment, we have determined to grant plaintiff summary judgment as above indicated pursuant to CPLR 3212 (subd [b]) in that such motion "searches the record." Concur — Murphy, P. J., Ross, Markewich, Lupiano and Carro, JJ. [103 Misc 2d 733.]