OPINION OF THE COURT
Alfred D. Lerner, J.
In this action for a judgment declaring that plaintiff insurance company has no duty to defend or indemnify defendants Ramona Beards and Caleta Beards in an underlying negligence action, plaintiff moves for summary judgment dismissing the counterclaim of defendants Roy Campbell and Daphne Campbell for attorney’s fees and costs expended in defending this action.
Defendants Roy and Daphne Campbell were passengers in an automobile driven by defendant Caleta Beards and owned by defendant Ramona Beards when it was involved in a motor vehicle accident which is the basis of the underlying negligence action by defendants Salvatore F. Cusimano and Grace Cusimano against defendants Caleta and Ramona Beards. Prior to said accident, plaintiff had issued an automobile insurance policy to defendant Ramona Beards for said automobile. On the basis of an exclusion in said policy, plaintiff has disclaimed coverage and commenced the instant action. Defendant Roy Campbell has submitted a claim for no-fault benefits under the *153 policy in question. Defendants Roy and Daphne Campbell remain potential claimants against plaintiff’s insured for personal injuries.
As a general rule, New York does not allow a litigant to recover damages for his expenses in the prosecution or defense of an action. (See Mighty Midgets v Centennial Ins. Co., 47 NY2d 12.) An exception has been made to allow an insured to recover the expenses of defending a declaratory judgment action brought by the insurer in an effort to free itself from its policy obligations. (Mighty Midgets v Centennial Ins. Co., supra; Johnson v General Mut. Ins. Co., 24 NY2d 42; Glens Falls Ins. Co. v United States Fire Ins. Co., 41 AD2d 869, affd 34 NY2d 778.) The cases cited herein as recognizing this exception appear to have derived the right to such a recovery from the contractual relationship between the insured and the insurer which the insurer has breached by refusing to defend and indemnify its insured. (See Fischer v Michigan Millers Mut. Ins. Co., 103 Misc 2d 508.)
Defendants Roy and Daphne Campbell have no such contractual relationship with the plaintiff herein. Plaintiff has not disclaimed any coverage owing to defendants Roy and Daphne Campbell. Thus, these defendants do not come within the exception defined in Mighty Midgets v Centennial Ins. Co. (supra) and its predecessors. Nor is there any basis on which to justify the creation of a new exception for these defendants. Therefore, defendants Roy and Daphne Campbell may not recover damages for the amount expended in their defense of this action.
Accordingly, plaintiff’s motion for summary judgment dismissing the counterclaim of defendants Roy and Daphne Campbell is granted and said counterclaim is dismissed.