OPINION OF THE COURT
Robert C. Williams, J.
In a prior decision dated January 4,1984, this court held that defendant Aetna was the primary insurer responsible for defending and paying the underlying negligence action. Plaintiff Allstate was held to be an excess insurer.
At the time of the prior decision the court reserved on the issue of entitlement to and amount of attorneys’ fees. The parties were given an opportunity to submit affidavits and/or authority on the subject.
An insured may recover legal fees incurred when it is cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations (Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 21).
*933 The duty to pay those attorneys’ fees is a narrow one which stems from the breach by the insurer of the contractual duty to defend and indemnify the insured (see American Mut. Fire Ins. Co. v Beards, 115 Misc 2d 152).
Since Rossiter, the injured plaintiff in the tort action, had no such contractual relationship with a prosecuting insurance carrier, Rossiter is not entitled to an award of attorneys’ fees (American Consumer Ins. Co. v Goslin, 97 AD2d 890).
In reconciling the results of Doyle v Allstate Ins. Co. (1 NY2d 439) with Johnson v General Mut. Ins. Co. (24 NY2d 42) and Glens Falls Ins. Co. v United States Fire Ins. Co. (41 AD2d 869, affd 34 NY2d 778), the Third Department noted that recovery of attorneys’ fees was allowed not only when the insured was cast in a defensive posture but also when there was present a third-party insurer in the context of a dispute between carriers over which insurer should assume the burden of defense (Rekemeyer v Empire Mut. Ins. Co., 60 AD2d 492, 494).
In the instant case Allstate commenced an action seeking to free itself of the obligation to defend and place that obligation elsewhere. Aetna, in its amended answer, contended that it was not responsible for defending the personal injury action and cross-claimed against Travelers asserting that Travelers was obligated to defend and counterclaimed against Allstate asserting it was obligated to defend. Aetna did not cross-claim against the defendants in the tort action, but those defendants, the Shulmans, did assert claims against all three insurers.
Basically and actually, each of three insurers attempted to free itself of the obligation to defend, so this action was brought in the context of a dispute between carriers over which of them must defend.
Allstate has cast the Shulmans in a defensive posture by commencing the declaratory judgment action. Allstate points out that it was not determined by the court to be the primary insurer but only the excess insurance carrier. Since the personal injury action was settled and it was not required to pay out, Allstate argues that it was wholly successful. Only the insurer which is unsuccessful must pay attorneys’ fees.
*934 The court does not agree with this argument. The issue is not whether a plaintiff insurer which is held to be an excess insurer is successful or unsuccessful. The issue rather, is whether the insurer which casts the insured in a defensive posture has breached a contractual duty. Attorneys’ fees are a consequential damage of the breach of the duty to defend (Johnson v General Mut. Ins. Co., 24 NY2d 42, 49-50, supra).
Allstate, although ultimately not required to indemnify because of the settlement below the policy limits with the primary insurer, did have a duty, as an excess insurer, to defend which it breached by commencing the declaratory judgment action. Accordingly, Allstate is obligated to pay attorneys’ fees.
Aetna was held to be the primary insurer, but the issue is whether it cast the Shulmans in a defensive posture. Aetna did not assert any affirmative claim against the Shulmans. It did, however, attempt by affirmative claims to free itself of its obligation to defend. To that extent it breached its duty to the Shulmans and is responsible for the damages incurred by them (see Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 21, supra). The absence of a direct claim is not determinative, but the issue is whether the insurer, not the insured, has taken affirmative steps to free itself of its obligation to defend thereby casting the insured in a defensive posture.
The costs shall be divided equally among the two insurers, as each breached their respective duty to defend the Shulmans.
The insured may recover for defending but may not recover for prosecuting cross claims and counterclaims (Johnson v General Mut. Ins. Co., supra, at p 50).
The attorneys for the Shulmans claim a total fee of $8,103.13. They have sought reimbursement at $100 per hour which the court shall reduce by 20%. By necessity some of that time is attributable to the defense of the declaratory judgment action and some to the prosecution of the counterclaims and cross claims. The court determines after review of the itemized bill that 60% of the attorneys’ time is attributable to defending and 40% to prosecuting. *935 Accordingly, the compensation due the attorneys is equal to ($8,103.13 [.80] [.60]) or $3,889.50.
Each insurer is obligated to pay $1,944.75.
Submit judgment accordingly.