**COMMERCIAL UNION INSURANCE COMPANY, Plaintiff,**

v.

**INTERNATIONAL FLAVORS & FRAGRANCES, INC.,**
**Defendant.**

**No. 80 Civ. 6722 (MP).**

United States District Court,
S.D. New York.

July 22, 1986.

Williamson & Williamson, P.C. by Walter Williamson, David Ratner, New York City, for plaintiff.

Fulton, Duncombe & Rowe, Moses & Singer by George Rowe, Michael Gaynor, Richard Brewster, New York City, for defendant.

## MEMORANDUM ON ALLOWANCES

MILTON POLLACK, Senior District Judge.

This is an application by International Flavors and Fragrances ("IFF") seeking reimbursement of its reasonable costs and attorney fees incurred in defending a declaratory judgment suit instituted by its insurer Commercial Union ("CU").

### Background

On March 14, 1979, IFF was sued by Plough Inc. in a products liability action. IFF notified its insurer CU of the action and requested that CU defend it. CU initially agreed to offer a defense on IFF's behalf; however, after defending IFF for approximately two months, CU withdrew from the Plough action. It subsequently disclaimed coverage.

On November 26, 1980, a year and a half after it withdrew its defense, CU brought this declaratory judgment suit seeking a determination that it was not liable to defend or indemnify IFF in the Plough action. Since the Plough action had been pending for almost two years and IFF was in the midst of defending itself in that litigation, IFF moved to stay the declaratory judgment suit as untimely. On March 25, 1981, after extensive briefing and oral argument, the Court stayed the suit pending a resolution of the Plough action.[1]

On February 13, 1984, after the Plough action was settled, IFF served an amended answer and counterclaim. IFF requested a declaration that CU was liable under the insurance policy and sought damages for CU's failure to defend.

The case proceeded to trial before the Court and a jury in March 1986; the jury returned a verdict that IFF was not entitled to damages.

IFF subsequently moved for a directed verdict on its motion therefor at the close of the case, on which decision had been reserved, and for a judgment notwithstand-

---

1. CU appealed the Court's order staying the action. On May 28, 1981, after a preargument conference before the Clerk of the Second Circuit, CU withdrew its appeal. In effect, the litigation lay dormant from May 28, 1981 to November 1983, when the Plough action was settled.

ing the verdict. On April 28, 1986, the Court granted IFF's motion in part; it held that, as a matter of law, CU had breached its duty to defend IFF in the Plough action and was liable to IFF for the reasonable costs of defense. A jury trial was held in June 1986 to determine the reasonable costs of defense and IFF was awarded $834,913.

IFF now seeks to recover its legal costs in connection with defending the declaratory judgment action brought by CU.

### Discussion

It is well settled, under New York law, that an insured may recover the reasonable legal expenses which it incurred in defense of a declaratory judgment action brought by the insurer to free itself from its obligation to defend; however, the expenses incurred in prosecuting claims against the insurer are not recoverable. *See Mighty Midgets, Inc. v. Centennial Insurance Co.*, 47 N.Y.2d 12, 389 N.E.2d 1080, 416 N.Y.S.2d 559 (1979); *Johnson v. General Mutual Insurance Co.*, 24 N.Y.2d 42, 298 N.Y.S.2d 937, 939, 246 N.E.2d 713, 715 (1969) (holding that insured could recover the costs of defending a declaratory judgment action brought by the injured party to compel the insurer to defend, but could not recover the costs associated with prosecuting cross-claims against the insurer); *Hurney v. Mattson*, 59 A.D.2d 934, 399 N.Y.S.2d 449 (2d Dept.1977) (holding that insured, who brought third party action against insurer, could recover costs incurred in defending insurer's counterclaim for declaratory relief since the insured's posture in the counterclaim was that of a defendant); *Brown v. United States Fidelity & Guaranty Co.*, 46 A.D.2d 97, 361 N.Y.S.2d 232, 234 (3d Dept.1974); *Padavan v. Clemente*, 43 A.D.2d 729, 350 N.Y.S.2d 694 (2d Dept.1973) *Allstate Insurance Co. v. Aetna Casualty & Surety Co.*, 123 Misc.2d 932, 475 N.Y.S.2d 219, 221–22 (1984) (holding that insured may recover legal fees incurred in defending itself in a declaratory judgment action brought by insurer, but not for those incurred in prosecuting cross claims and counterclaims against insurers).

By bringing this declaratory judgment action in an effort to free itself from its policy obligations, CU cast IFF in a defensive posture. To this extent, CU is liable for the reasonable value of the legal costs incurred by IFF in defending itself. However, IFF cannot recover its legal expenses for prosecuting its counterclaim against CU.

IFF contends that the amount to which it is entitled should not be reduced because of its counterclaim. IFF relies on two cases in which the issue of the effect of the insured's assertion of a counterclaim, cross claim or third party claim on the availability of fees is explicitly addressed. Both cases are distinguishable from the case at bar.

In *American Home Assurance Co. v. Diamond Tours & Travel, Inc.*, 103 Misc.2d 733, 426 N.Y.S.2d 897 (1979), *rev'd on other grounds*, 78 A.D.2d 801, 433 N.Y.S.2d 116 (1st Dep't 1980), the insurer brought a declaratory judgment action to determine if it was required to defend and indemnify. The insured filed a counterclaim seeking a declaration that the insurer was liable under the policy, yet no damages were sought. The Court held that the claim for fees was not affected by the fact that the insured asserted its claims to coverage as a counterclaim. The court's holding in this case appears to be based on the fact that the counterclaim asserted by the insured was defensive in that it merely sought the opposite relief requested by the insurer. In contrast, the counterclaim asserted by IFF went further than merely seeking the opposite of the relief demanded by CU; it was offensive to the extent that it also sought damages. Moreover, in the *American* case, it would have been impossible to separate the legal expenses incurred in defending the action from those incurred in prosecuting the counterclaim. Such a division is possible in the case at bar.

In *Old Republic Insurance Co. v. Concast, Inc.*, No. 83 Civ. 9866 (S.D.N.Y. April 17, 1984), the excess insurer brought a declaratory judgment action against the

primary insurer, and the insured to determine coverage. The insured brought a third party action against an insurance broker who had been instructed to secure primary and excess liability coverage for the insured. The Court held that the insured was entitled to recover the legal expenses incurred in the action, including the expense for bringing the third party action against the insurance broker. The Court reasoned that the fees incurred in the third party action were recoverable because the third party action was not separable from the main action on any coherent grounds. In addition, it stated that because of the nature of the third party action, the expense was part of the expense of providing an adequate defense to the declaratory judgment action and a reasonable litigation strategy. In contrast, IFF's counterclaim seeking damages was clearly not necessary to IFF's defense to CU's action and the fees incurred in bringing the claim are separable from those incurred in defense.

These two cases do not support IFF's claim for fees incurred in prosecution of its counterclaim for damages against CU for damages. The availability of legal costs for defending a declaratory judgment action brought by an insurer is a narrow exception to the well established rule in this country that litigants are not permitted to recover attorneys' fees for the successful prosecution or defense of their rights. There is nothing in the nature of this declaratory judgment action which indicates that this narrow exception should be extended to an insured's prosecution of offensive counterclaims against the insurer. Accordingly, IFF may only recover the reasonable fees and disbursements incurred in defending the declaratory judgment action.

IFF asserted its counterclaim on February 13, 1984. Until that time, it was engaged only in defending the action. Thus, IFF is entitled to recover the entire amount of the reasonable fees and disbursements incurred during the period November 1980 until February 13, 1984.

From February 13, 1984 until April 28, 1986, when the Court rendered its decision granting in part IFF's post-trial motion, IFF was engaged in both defense of the declaratory judgment action and prosecution of its counterclaim.[2] As to this period, IFF can therefore only recover the reasonable fees and expenses it incurred, to the extent that they represent costs of defense.

On the basis of the proofs submitted by IFF which specify the costs and fees incurred, the Court's familiarity with the litigation, and the equities of the case, this Court holds that two-thirds ($\frac{2}{3}$) of the reasonable costs incurred during this period are attributable to the defense of the declaratory judgment action and one-third ($\frac{1}{3}$) of the costs and fees incurred are attributable to the prosecution of the counterclaim. *Cf. Allstate Insurance Co. v. Aetna Casualty & Surety Co.,* 475 N.Y.S.2d at 222 (holding, in a case where the insurer brought a declaratory judgment action and the insured filed a counterclaim, that 60% of the costs were attributable to defending and 40% to prosecuting).

From May 1986 until June 1986, IFF was involved in litigating the amount of damages to which it was entitled as a result of CU's breach of its duty to defend. The expenses incurred during this period clearly represent costs incurred in prosecuting IFF's counterclaim for damages and, consequently, are not recoverable.[3]

2. CU argues that IFF was not defending the declaratory judgment action after the action was stayed and that the post-stay litigation between CU and IFF involved only IFF's prosecution of its counterclaim. This argument must be rejected. CU did not withdraw its complaint in the declaratory judgment action after the Plough action was resolved and the stay was lifted; it continued to aggressively press its claims against IFF. Thus, the post-stay litigation cannot be seen as involving only IFF's prosecution of its counterclaim.

3. IFF argues, as an independent basis for recovering the fees incurred during this period, that CU should be sanctioned for unreasonably and vexatiously prolonging the litigation. IFF requests that the Court sanction CU because CU refused to concede the reasonableness of IFF's fees and expenses in the Plough suit. There is no evidence that the defenses CU asserted to IFF's claims were brought in bad faith, for purposes of harrassment, or for other improper reasons; there is thus no basis on which to sanction CU.

### The Allowable Legal Costs

IFF claims $53,824.62 in legal fees and disbursements incurred from November 1980 until February 1984. IFF can recover this entire amount, as long as the fees and disbursements incurred for this period were reasonable. IFF further claims $478,158.87 in legal fees and disbursements incurred from February 1984 until April 28 1986. As stated above, two-thirds of this amount, or $318,772.58, is attributable to the defense of the declaratory judgment action. Thus, for the period from February 1984 to April 1986, IFF is entitled to recover $318,772.58, as long as this amount is reasonable.[4]

IFF has submitted an affidavit in support of its application for reimbursement which adequately documents the amount of fees and disbursements incurred and their reasonableness. The affidavit specifies the name of each attorney involved in the suit, the level of experience and billing rate of each such attorney, the number of hours billed by each attorney, and the date on which specified amounts of time were expended. The affidavit also gives a chronology of the litigation and details the type of services which were performed. The hourly rates set forth are well within the average billing rates of major New York law firms. On the basis of the documentation submitted by IFF, this Court finds that the attorneys' fees and disbursements incurred in defense of the declaratory judgment action were reasonable.

Accordingly, IFF is awarded $372,597.20 in attorneys' fees and disbursements.[5]

So Ordered.

### ADDENDUM

### BREAKDOWN OF FEES AND DISBURSEMENTS

Fees Incurred from November 1980 until February 1984

| Date | Amount |
| --- | --- |
| December 1980 | $ 6,421.25 |
| January 1981 | 18,347.50 |
| February 1981 | 12,178.75 |
| March 1981 | 4,723.75 |
| April 1981 | 422.50 |
| May 1981 | 982.50 |
| June 1981 | 202.50 |
| November 1983 | 2,975.00 |
| December 1983 | 2,832.50 |
| January 1984 | 4,127.50 |

Total fees incurred from November 1980 to February 1984 = $53,213.75.

Disbursements Incurred from November 1980 to February 1984

| Quarter | Amount |
| --- | --- |
| 4th 1980 | $ 81.87 |
| 1st 1981 | 362.53 |
| 2nd 1981 | 89.63 |
| 4th 1983 | 35.60 |
| 1st 1984 (one third) | 41.24 |

Total Disbursements Incurred from November 1980 to February 1984 = $610.87.

Total Fees and Disbursements for this period = $53,824.62

**4.** CU contends that IFF is only entitled to recover its fees to the extent that it was successful in the action. Because IFF was unsuccessful on its claim for indemnity, CU argues that its recovery must be reduced. This argument is misplaced. IFF is entitled to recover legal costs incurred in defending the declaratory judgment action because CU breach its duty to defend. *See Glens Falls Insurance Co v. United States Fire Insurance Co.*, 41 A.D.2d 869, 870, 342 N.Y.S.2d 624, 627 (3d Dept.1973). An award of attorneys' fees in this situation is directly attributable to and represents consequential damages for the insurer's breach of its duty to defend. *See Allstate Insurance Co. v. Aetna Casualty & Surety Co.*, 123 Misc.2d 932, 475 N.Y.S.2d 219 (1984); *Brown v. United States Fidelity & Guaranty Co.*,

46 A.D.2d 97, 361 N.Y.S.2d 232 (3d Dept.1974). IFF was wholly successful on its claim that CU breached its duty to defend, and thus there is no basis on which to reduce its fees. *Cf. American Home Assurance Co. v. Diamond Tours & Travel, Inc.*, 103 Misc.2d 733, 426 N.Y.S.2d 897 (1979) (holding, on summary judgment, before the question of the insurer's obligation to indemnify was decided, that the insurer was liable for the costs of the insured in defending the declaratory judgment action because it breached its duty to defend).

**5.** The attached addendum shows the breakdown of the fees and disbursements and the calculation of IFF's allowance.

Fees and Disbursements Incurred from February 1984 until April 1986

Fulton Duncombe & Rowe fees from February 1984 to April 1986 = $335,311.25

Fulton Duncombe & Rowe disbursements from February 1984 to April 1984 = $6,882.98

Moses & Singer fees from February 1986 to April 1986 = $124,427

Moses & Singer disbursements from February 1986 to April 1986 = $11,537.64

Total fees and disbursements incurred from February 1984 to April 1986 $478,158.87

Two-thirds of $478,158.87 = $318,772.58

IFF's Total Allowance for fees and disbursements incurred in defense of the declaratory judgment action
$53,824.62 + $318,772.58 = $372,587.20