FRANK CATANIA, as President of the Joint Board of Shirt, Leisure Wear, Robe, Glove and Rainwear Workers Union, Plaintiff, *v.* HARTFORD ACCIDENT AND INDEMNITY COMPANY, Defendant.

First Department, October 1, 1957.

*Jeremiah G. Mahony* of counsel (*Thomas P. Curtin,* attorney), for plaintiff.

*Joseph L. Schilling* of counsel (*Harold Schaffner,* attorney), for defendant.

*Per Curiam.* This is a submitted controversy under sections 546 to 548 of the Civil Practice Act. The question presented is whether a liability policy issued to one John Schiro inures to the benefit of the plaintiff in respect of a collision between Schiro's automobile and another automobile resulting in injuries to Schiro's wife. In an action for personal injuries heretofore commenced by Schiro's wife, she alleges negligence on the part of her spouse in the operation of his motor vehicle in the course of his employment with the plaintiff herein. Under the provisions of section 167 (subd. 3) of the Insurance Law, no policy of insurance is deemed to insure against liability of the insured for injuries to his spouse in the absence of express provision therefor. The definition of "insured" set out in the policy includes "any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the Named Insured or with his permission". *Morgan* v. *Greater New York Taxpayers Mut. Ins. Assn.* (305 N. Y. 243, 247) shows that this controversy is to be resolved as if the policy had been issued to the plaintiff alone. In that event it is clear that Schiro's wife is not the plaintiff's spouse and section 167 (subd. 3) of the Insurance Law has no application.

*Manhattan Cas. Co.* v. *Cholakis* (206 Misc. 287, affd. without opinion 284 App. Div. 1041) sustains the liability of the insurer in an analogous situation. There, plaintiff sought a declaratory judgment as to the coverage of a liability policy issued by it. Said action followed the commencement of a wrongful death action by the decedent's widow, as executrix, consequent on the negligent operation of an automobile, against herself and her son, she being the named insured and the owner of the automobile involved and the son the operator thereof. It was there held that plaintiff's coverage, in the light of section 167

(subd. 3) of the Insurance Law, did not extend to the liability of the defendant widow but did apply to the defendant's son because he was not the spouse of the decedent.

Judgment should be granted in favor of the plaintiff declaring that the defendant is required to assume the defense of the pending negligence action against the plaintiff herein and to pay any judgment recovered therein to the limits of its policy, without costs.

PECK, P. J., BREITEL, BOTEIN, VALENTE and McNALLY, JJ., concur.

Judgment granted in favor of the plaintiff declaring that the defendant is required to assume the defense of the pending negligence action against the plaintiff herein and to pay any judgment recovered therein to the limits of its policy, without costs. Settle order on notice.