OPINION OF THE COURT
Kaye, J.
Where the complaint in a personal injury action against the owner and the driver of a vehicle alleges that the driver was operating the vehicle with the owner’s permission, and where the issue of permission has not been judicially resolved prior to trial of the personal injury action, the vehicle’s insurer has a duty to defend the driver as well as the owner in that action even though the insurer itself reasonably concludes that the driver did not have the owner’s permission and the jury ultimately so finds. In this action by the driver against the insurer to recover attorneys’ fees incurred in his defense of the personal injury action, we therefore affirm the Appellate Division order upholding summary judgment for the driver.
On December 4,1977, plaintiff, Michael Colon, while driving a van owned by Palmier Oil Company and insured by defendant, Aetna Life & Casualty Insurance Company, struck an automobile killing Timothy and Karen Morris. The van had been entrusted by Palmier to its employee, Colon’s half-brother (Robert Clark), and Colon was apparently using the van with Clark’s knowledge, to deliver a bed to their parents. Following the accident, Aetna conducted an investigation and notified Colon by letter dated January 25,1978 that it was denying coverage to him for any death or *8 bodily injury claims arising out of the accident because Aetna’s investigation had determined that he had been operating the vehicle without Palmier’s permission or consent. The letter further stated that Aetna understood that Colon owned a private passenger motor vehicle and urged him to turn over Aetna’s letter and any summons he might receive to his own insurance carrier.
In March 1978, the Morris estates sued both Palmier and Colon for wrongful death. Aetna defended Palmier, but not Colon, although the complaint alleged that at the time of the accident Colon was operating the vehicle with Palmier’s' 'knowledge and consent.” Colon appeared in the action by an attorney and admitted liability. The sole questions to be determined were the issue of permission, and an assessment of damages. Witnesses for Palmier testified that Clark had explicitly been instructed that the van was to be used only by him, and only for company business. Both the witnesses’ credibility and the extent to which Palmier was aware that Clark occasionally had used the vehicle for personal use were considered in that proceeding (Morris v Palmier Oil Co., 94 AD2d 911). The jury found that Colon did not have Palmier’s express or implied consent to drive its vehicle on the date of the accident, and awarded the estates $80,000 damages as against Colon only. On appeal by the estates from the portion of the judgment dismissing its claim against Palmier, the Appellate Division unanimously affirmed, concluding that the evidence was sufficient to support the jury’s determination that Colon had been operating the vehicle without Palmier’s consent (Morris v Palmier Oil Co., supra).
Colon thereafter brought this action for attorneys’ fees incurred in connection with the Morris action, predicated on Aetna’s claimed wrongful failure to defend him. On Aetna’s motion to dismiss for failure to state a cause of action or for summary judgment, and on Colon’s cross motion for partial summary judgment on the issue of liability, Special Term granted the cross motion and directed a trial to assess damages. The Appellate Division, one justice dissenting, affirmed and certified to us the question, "Was the order of Special Term, as affirmed by this court, correct as a matter of law?”
We begin with a proposition acknowledged by both parties: an insurer’s duty to defend is exceedingly broad, which is in the interest of the insured. The duty arises whenever the allegations of the complaint, for which the insured may stand liable, fall within the risk covered by the policy. The ultimate responsibility of the insured is not a consideration. "If, liberally construed, the claim *9 is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be.” (Ruder & Finn v Seaboard Sur. Co., 52 NY2d 663, 670.) Here there is no question that the allegations of the complaint, as to both the owner and the driver of the van, fall within the risk covered by the policy. The question then becomes whether there should be a departure from the established rule that, irrespective of ultimate liability, the insurer must defend both.
Aetna urges, first, that the cases imposing a duty to defend on the insurer all involve the insurer’s duty to its own insured and not, as here, to a third party with whom the insurer has no contractual relationship and, second, that our decision in Zappone v Home Ins. Co. (55 NY2d 131) compels a different result in this case.
In Zappone, we held that an automobile liability insurer’s failure to disclaim coverage in writing in accordance with Insurance Law § 167 (8) did not obligate the insurer to indemnify persons with whom it had no contractual relationship with respect to the vehicle involved in the accident. Zappone is distinguishable because it involved the insurer’s duty to indemnify, not the broader duty to defend. There, a holding against the insurer would in effect have created a new contract of insurance, for which no premiums had been paid, a result which we concluded would be unreasonable and unfair to the insurer, and would not further the purpose of Insurance Law § 167 (8) to avoid prejudice to the insured, the injured claimant and the Motor Vehicle Accident Indemnity Corporation. That same contention cannot be made here.
Moreover, sound policy considerations support adherence to the established principle obligating the insurer to furnish a defense. So long as the issue of permission remains unresolved, effective defense of the driver is in the interest of the insured, who stands at risk both on the issue of permission and on the underlying issue of negligence. While the named insured may have an incentive to take the litigation position that the driver was operating the vehicle without consent, * he also has a strong interest in seeing that the driver obtains a competent defense, so as to avoid prejudice to himself — should permission be found — on the issue *10 of negligence. Additionally, Aetna’s decision not to defend Colon was based solely on its own investigation. While there is no allegation of bad faith, a contrary holding here might encourage refusals to defend where the circumstances were less clear, because there would be little risk in doing so. If the person denied a defense were subsequently found to have been operating the vehicle without consent, the insurer would have incurred no cost, and if consent were found the insurer would merely reimburse the attorneys’ fees it would have incurred anyway. While the dissent suggests that any abuses by insurers could be redressed in litigation by their insureds (dissenting opn, at p 14), as a policy matter we prefer the course that places the duty of defense initially on the insurer, for the benefit of the insured.
For these reasons, the insurer should have a duty to defend a driver who is alleged to have operated an insured vehicle with the owner’s consent. Where the issue is clearcut, the insured or the insurer should be entitled to obtain a prompt judicial determination, whether by summary judgment, declaratory judgment or otherwise that, contrary to the allegations of the personal injury plaintiff’s complaint, the driver actually did lack permission of the insured, and that the insurer is not obligated by its contract of insurance to furnish a defense to the driver (see, Spoor-Lasher Co. v Aetna Cas. & Sur. Co., 39 NY2d 875,876-877).
Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative. <

 For this reason we find incomprehensible the dissent’s observation that it would be unethical for the named insured’s attorney to consider the carrier’s request to seek summary judgment based on lack of consent. To the contrary, an attorney for an insured who did not consider such a motion on his own would not be, in the dissent’s phrase, "worth his salt”. (Dissenting opn, at p 12.)