UNITED STATES FIDELITY &
GUARANTY COMPANY,
Plaintiff–Appellee,

v.

EXECUTIVE INSURANCE COMPANY,
Defendant–Appellant.

No. 332, Docket 88–7955.

United States Court of Appeals,
Second Circuit.

Argued Nov. 20, 1989.

Decided Jan. 19, 1990.

Mark S. Moroknek, New York City (Ayers & Thompson, New York City), for defendant-appellant, Executive Ins. Co.

Philip Schlau and Arnold Stream, New York City (Newman Schlau Fitch & Burns, P.C., New York City), for plaintiff-appellee, U.S. Fidelity & Guar. Co.

Before OAKES, Chief Judge, and CARDAMONE, Circuit Judge, and POLLACK, District Judge.*

MILTON POLLACK, Senior District Judge:

In this declaratory judgment action, defendant, Executive Insurance Company ("Executive"),[1] appeals from an amended judgment of the Southern District of New York, which declared that United States

---

* Honorable Milton Pollack, Senior United States District Judge for the Southern District of New York, sitting by designation.

1. The appellant Executive is no longer the real party in interest. Executive's subject insurance policy was assigned to the Union Indemnity Insurance Company, which is also no longer the real party in interest. By Order of Liquidation, dated July 16, 1985, the Superintendent of Insurance of the State of New York was appointed liquidator of Union Indemnity Insurance Company pursuant to Section 7417 of the New York Insurance Law. Therefore, the real party in interest on appellant's behalf is the New York State Insurance Department, Liquidation Bureau.

Fidelity & Guaranty Company ("USF & G") was not obligated to contribute to providing the defense and indemnification of Moses Weiss ("Weiss"), a claimed insured, in respect to the underlying personal injury actions which are pending in New York state court.

For the reasons hereafter, the amended judgment will be reversed, and the District Court's original judgment, dated January 20, 1988 and filed on January 25, 1988, ruling that a right of contribution exists, will be ordered reinstated.

### Background

Executive issued an insurance policy which covers Weiss as owner and Mike Fried as agent of several properties, including 306 Montauk Avenue, Brooklyn, New York, the property here involved. USF & G similarly issued an insurance policy which covers W & F Building Corporation ("W & F") and Fried in regard to the same property. At all relevant times Fried was President and Weiss was Vice–President and Secretary of W & F, which managed 306 Montauk Avenue. W & F is a real estate holding corporation and property manager wholly owned by Weiss and Fried.

A fire intentionally set by an arsonist at 306 Montauk Avenue resulted in personal injury and wrongful death claims which form the bases of state court suits against W & F, Weiss and Fried.

Two tenants, Wendy and Hubert Kornegay, who were allegedly injured as a result of the fire, commenced suits, which have been consolidated in New York state court, against W & F, Weiss, Fried and others. Executive procured counsel and answered for Weiss and Fried in the underlying actions. USF & G procured counsel and answered for W & F. USF & G has denied any obligation owing to Weiss.

The provisions in the USF & G policy issued to W & F, at issue on this appeal, concern "persons insured" under the policy and the effect of "other insurance" in respect to the quantum of coverage. The definition of insured in the policy provides:

Each of the following is an insured ...;

(c) if the named insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such....

### Procedural History

The declaratory judgment action was instituted in 1985 in the Southern District of New York and assigned to Hon. Richard Owen. After discovery, USF & G moved and Executive cross-moved for summary judgment. An order and judgment thereon was dated January 20, 1988 and filed on January 25, 1988, providing, in pertinent part:

ORDERED, that the plaintiff United States Fidelity & Guaranty Company and the defendant Executive Insurance Company are to contribute equally in the defense and indemnification of Weiss, Fried and W & F Building Corp. in a certain underlying action ...

Subsequently, USF & G moved pursuant to Rule 59(e), Fed.R.Civ.P., to amend the judgment by providing, in effect, that USF & G was not obligated to defend Weiss. By a memorandum decision dated July 13, 1988, Judge Owen granted the motion, ruling that "... Executive [alone] is to provide the defense and indemnification of Weiss in the underlying state court action." An amended judgment thereon was signed on October 14, 1988. Executive moved pursuant to Rule 60, Fed.R.Civ.P., to correct the July 13, 1988 memorandum and to reinstate the original determination. Executive's motion was denied. This appeal followed.

### Discussion

Scope of Coverage of USF & G's Policy

The relevant provision of USF & G's insurance policy provides coverage for "any executive officer, director or stockholder [of the named insured, W & F,] while acting within the scope of his duties as such ..."

As Weiss was indisputably an officer, director and shareholder of W & F, the

policy clearly requires USF & G to defend Weiss if the pleadings in the underlying actions allege liability for actions committed in the scope of his corporate duties.

■ "The duty to defend insureds ... is derived from the allegations of the complaint and the terms of the policy" and rests on any allegations that arguably or potentially bring the actions within the protection purchased. *Technicon Elecs. Corp. v. American Home Assurance Co.*, 74 N.Y.2d 66, 73, 544 N.Y.S.2d 531, 533, 542 N.E.2d 1048, 1050, *reconsid. dismissed,* 74 N.Y.2d 843, 546 N.Y.S.2d 560, 545 N.E.2d 874 (1989). "Further, [the] policy protects against poorly or incompletely pleaded cases as well as those artfully drafted." *Ruder & Finn Inc. v. Seaboard Sur. Co.*, 52 N.Y.2d 663, 670, 439 N.Y.S.2d 858, 861, 422 N.E.2d 518, 521 (1981). "If the allegations of the complaint are ambiguous or incomplete, the insurer is nevertheless obligated to defend if the case is potentially within the coverage of the policy." *Ogden Corp. v. Travelers Indem. Co.*, 681 F.Supp. 169, 172–173 (S.D.N.Y.1988) (citing *Commercial Pipe & Supply Corp. v. Allstate Ins. Co.*, 36 A.D.2d 412, 415, 321 N.Y.S.2d 219, 221 (4th Dep't 1971), *aff'd*, 30 N.Y.2d 619, 331 N.Y.S.2d 42, 282 N.E.2d 128 (1972) ("The language of the complaint need not state all the facts requisite to establish insurance coverage.")). Any doubt as to whether the allegations of the complaint state a claim that falls within the policy must be resolved in favor of the insured and against the insurer. *American Home Assurance Co. v. Port Authority of New York & New Jersey*, 66 A.D.2d 269, 278, 412 N.Y.S.2d 605, 609 (1st Dep't 1979).

■ While the language of the pleadings does not explicitly mention Weiss' corporate title, e.g. as an officer, director or shareholder of W & F, his connection is implicit in the allegations. The pleadings describe W & F as the corporate manager of the building and charge that Weiss controlled the premises. Hubert Kornegay's complaint alleges that Weiss "owned, operated, managed, maintained and controlled" the premises and that the defendants, including W & F, "were negligent and careless in the ownership, operation, management, maintenance and control" of those premises. Wendy Kornegay's complaint similarly alleges that Weiss "operated, maintained, managed and controlled" the property. W & F is a party to the consolidated underlying actions and was allegedly negligent through its "agents, servants and/or employees" in the "operation, management, maintenance and control" of the subject premises.

W & F was incorporated for the purpose of managing the 306 Montauk Avenue property, among others. The language in the complaints makes it evident that the Kornegays are suing Weiss as manager of the building as well as owner. W & F was the only corporate entity charged with managing the building.

USF & G contends that the consolidated complaints explicitly should have stated that Weiss was a corporate officer of W & F. However, "courts may look beyond the face of the complaint to facts known to the insurer which may bring the claim within the coverage of the policy." *Ogden Corp.,* 681 F.Supp. at 173 (exhibits from insurer's litigation files could be used to clear ambiguity of pleadings in underlying action). The depositions cited in the record make clear that Weiss was one of the two officers of W & F, and USF & G was patently informed of Weiss' identity. The existence of a specific allegation in the complaints of his corporate title in such a situation is unnecessary.

■ The implicit allegations against Weiss bring the underlying action within USF & G's policy coverage, and that is all that is required at the present time to hold USF & G equally responsible with Executive to defend Weiss and to indemnify him in the underlying action should he actually be found negligent in that capacity.

■ USF & G's further contention—that Weiss' denial in his answer that he was the managing agent of the property in question should be construed as an admission that he is not covered by USF & G—is farfetched. If an insurer could escape its duty to defend by pointing to denials of

liability in a potential insured's answer, it might never have to defend.

## Scope of Duty to Defend

As both Executive and USF & G concede, their policies provide primary coverage to their insureds. USF & G and Executive are deemed co-insurers of Weiss, Fried and W & F. The same standard policy definitions are contained in each company's policy covering bodily injury, viz. that was caused by an occurrence at and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto.

Additionally, the "other insurance" clauses in the two policies are identical, providing:

Other insurance:

The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the Insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the Company's liability under this policy shall not be reduced by the existence of such other insurance.

When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the Company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

(a) Contribution by Equal Shares. If all of such other valid and collectible insurance provides for contribution by equal shares, the Company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.

(b) Contribution by Limits. If any such other insurance does not provide for contribution by equal shares, the Company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

Under New York law, insurers are obligated to contribute in equal shares to defense when two such policies provide primary coverage. *See J.P. Realty Trust v. Public Serv. Mut. Ins. Co.*, 102 A.D.2d 68, 72–73, 476 N.Y.S.2d 325, 328 (1st Dep't 1984), *aff'd*, 64 N.Y.2d 945, 488 N.Y.S.2d 650, 477 N.E.2d 1104 (1985).

### *Conclusion*

The amended final judgment appealed from, dated October 14, 1988, is reversed, and the District Court's original judgment of January 20, 1988 is reinstated. USF & G is obligated to contribute equally in the defense and, if necessary, the indemnification of Moses Weiss in the consolidated underlying actions until it is shown unequivocally that the damages alleged would not be covered by the USF & G policy. *See Sturges Mfg. Co. v. Utica Mut. Ins. Co.*, 37 N.Y.2d 69, 74, 371 N.Y.S.2d 444, 449, 332 N.E.2d 319, 323 (1975).