(October 2, 1997)

■ EMPIRE INSURANCE COMPANY et al., Appellants, v IRWIN SILBOWITZ et al., Respondents. [663 NYS2d 7] —Order and judgment (one paper), Supreme Court, New York County (Barbara Kapnick, J.), entered November 4, 1996, which, upon the parties' respective motions for summary judgment, declared that plaintiff insurers are obligated to defend and indemnify defendant insured, to whom the subject policies were issued, in the underlying action for personal injuries out of an automobile accident, and that defendant insured is entitled to recover from plaintiffs his reasonable costs, including attorneys' fees, in defending this action, unanimously affirmed, with costs.

The motion court correctly held that as a matter of clearly analogous precedent, Insurance Law § 3420 (g), which exempts insurers from liability when indemnification is sought by a person whose negligence resulted in injuries to his or her spouse, does not apply to defendant insured herein, who is the owner of the car involved in the accident, which was being driven with his consent by his son-in-law, and the father of the plaintiff in the underlying action, who was a passenger in the car (*Catania v Hartford Acc. & Indem. Co.*, 4 AD2d 440, 441, citing *Manhattan Cas. Co. v Cholakis*, 206 Misc 287, *affd* 284 App Div 1041; *see also, General Acc. Fire & Life Assur. Corp. v Katz*, 3 Misc 2d 328). The motion court also correctly awarded defendant insured his costs in defending this declaratory judgment action, since plaintiffs cast him in a defensive posture by the legal steps they took in trying to free themselves from their policy obligations (*see, Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21). Concur—Murphy, P. J., Milonas, Tom, Andrias and Colabella, JJ.