## U.S. UNDERWRITERS INSURANCE COMPANY, Plaintiff,

### v.

## WEATHERIZATION, INC., Carline Victorin, Vaij Realty Associates, Garth Organization and Rafi Fashions, Inc., Defendants.

### No. 96 Civ. 7494 (KMW)(SEG).

United States District Court,
S.D. New York.

Aug. 21, 1998.

**320**

Michael A. Miranda, Miranda & Sokoloff, LLP, New York City, for U.S. Underwriters Ins. Co.

James F. Donohue, White Plains, New York, for defendant Weatherizaton, Inc.

Carline Victorin, New York City, pro se.

Stuart M. Herz, Garden City, New York, for defendants Vaij Realty Associates and Garth Organization.

Shahriar Kashian, Manhasset, New York, for Rafi Fashions, Inc.

## ORDER

WOOD, District Judge.

In a Report and Recommendation dated April 30, 1998 (the "Report"), with which familiarity is assumed, Magistrate Judge Sharon E. Grubin recommended that defendants Vaij Realty Associates and Garth Organization's ("Vaij" and "Garth") motion for summary judgment on their counterclaims be granted in part and denied in part. Because no further relief was sought by any of the parties, Magistrate Judge Grubin further recommended that the Court dismiss this action, and keep it open only for a determination of the amounts to be awarded to Vaij and Garth on their counterclaim as specified in the Report. Plaintiff has filed timely objections to the Report. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the Court reviews *de novo* those aspects of the Report to which plaintiff objects. Because the Court concludes that the Report is correct in all respects, the Court adopts the Report and its recommendations in their entirety. For the reasons set forth below as well as those stated in the Report, the Court grants in part and denies in part defendants Vaij and Garth's motion for summary judgment.

### I. *Discussion*

Plaintiff makes four objections to the Report. First, plaintiff argues that the Report errs in concluding that the Independent Contractors Exclusion in its commercial liability insurance policy was not applicable in the suit by Rafi Fashions against all the other defendants in this action ("the underlying state action") even though the complaint in that action ("the state complaint") made individual allegations against Vaij and Garth. Second, plaintiff argues that the Court should examine the evidence extrinsic to the state complaint that plaintiff provided. Third, plaintiff argues that whether it is obliged to defend and indemnify Vaij and Garth in connection with the underlying state action was rendered moot by the settlement in the underlying state action. Fourth, plaintiff contends that if it is not required to defend and indemnify Vaij and Garth in connection with the underlying state action, these defendants are not entitled to recover fees in connection with either the underlying state action or the instant action. The Court will address these objections in turn.

### A. *Independent Contractors Exclusion*

Plaintiff argues that the state complaint's only allegations against Vaij and Garth re-

volve around their role in approving Carline Victorin's hiring of the independent contractor, Weatherization. Plaintiff then contends that the fact that the state complaint contains allegations against Vaij and Garth individually is immaterial because the substance of the allegations of the state complaint are excluded from coverage by Independent Contractor Exclusion of the policy. That clause provides:

It is agreed that this policy shall not apply to Bodily Injury, Personal Injury or Property Damage arising out of operations performed for any insured by independent contractors or acts or omissions of any insured in connection with his general supervision of such operations.

(Report at 4.)

■ For the insurer to meet the burden of establishing that allegations in the complaint are excluded from coverage in an insurance policy, the insurer must show that the allegations of the complaint are "solely and entirely within the policy exclusion." *International Paper Co. v. Continental Cas. Co.*, 35 N.Y.2d 322, 325, 320 N.E.2d 619, 361 N.Y.S.2d 873, 875 (1974). The principal authority upon which plaintiff relies, *Allstate Ins. Co. v. Mugavero,* 79 N.Y.2d 153, 581 N.Y.S.2d 142, 589 N.E.2d 365 (1992), is not to the contrary; indeed, the Court of Appeals in *Allstate* explicitly stated that this rule of *International Paper* is the well settled law of New York. *See Allstate,* 79 N.Y.2d at 162, 581 N.Y.S.2d at 147, 589 N.E.2d 365. Nor does *Allstate,* in which the New York Court of Appeals held that the homeowner's insurance policy excluded coverage for acts of child abuse by the insured while the children were within the insured's care—support the general proposition that Court should look to the primary allegations of a complaint, not those against each individual defendant.

Here, as the Report correctly notes, the state complaint includes allegations that fall outside the Independent Contractors Exclusion. (*See* Report at 9–10.) The state complaint not only alleges that the resulting damages were due solely to the carelessness, recklessness and negligence of defendants, individually and acting in concert, but further that this breach of defendants' duties was in relation to the "maintenance, management, control, supervision, inspection, alternation, renovation and/or repair of the third floor of the premises." (Report at 10, 3.) Because these allegations clearly fall outside the Independent Contract Exclusion, the Court rejects plaintiff's argument that this exclusion applies. The rejection of this argument in the Report is correct in all respects.

### B. *Evidence Extrinsic to the Complaint*

Relying on *Avondale Indus., Inc. v. Travelers Indem. Co.,* 774 F.Supp. 1416, 1424 (S.D.N.Y.1991), and decisions upon which *Avondale* relies, plaintiff next argues that the Report should have considered the evidence extrinsic to the complaint that plaintiff submitted to determine coverage. However, the instant case does not present the sort of "exceptional circumstances" described in *Avondale* and the cases upon which it relies, where the Court will look to evidence extrinsic to the complaint to determine whether there is coverage.

■ "[W]hile it is true that a court should be hesitant to leave the boundaries of the complaint in making its determination on an insured's duty to defend, it need not ignore positive proof, extrinsic to the complaint, that assists in clarifying an ambiguous allegation." *Avondale,* 774 F.Supp. at 1424 (quoting *Moreau v. Orkin Exterminating,* 165 A.D.2d 415, 418, 568 N.Y.S.2d 466, 468 (N.Y.A.D.3d Dep't 1991)). There is no reason to move beyond the boundaries of the complaint in the instant case, because the allegations requiring coverage are not ambiguous. But even if the Court were to consider the evidence external to the complaint that plaintiff submits, the Court agrees with the assessment of the Report that this evidence has numerous infirmities. (*See* Report 12–13.) This evidence certainly does not "show[ ] unequivocally that the damages alleged would not be covered by the policy." *Avondale,* 774 F.Supp. at 1424 (quoting *Sturges Mfg. Co. v. Utica Mut. Ins. Co.,* 37 N.Y.2d 69, 74, 332 N.E.2d 319, 322, 371 N.Y.S.2d 444, 449 (1975)). Accordingly, the Court also rejects plaintiff's argument it should look outside the state court complaint; the Court further finds that, even looking

outside the allegations of the state complaint, does not alter the conclusions of the Report.

### C. Settlement

■ Plaintiff repeats its argument rejected in the Report that when the underlying tort action has been settled, the issue, in a related declaratory judgment action, of whether there was a duty to defend in the underlying tort action is rendered moot. The Report was correct in summarily rejecting this contention. (*See* Report at 11 n. 1.) As Magistrate Judge Grubin reasoned, that the insurer "currently, of course, can have no duty to defend an action that is terminated, is irrelevant to whether its duty to undertake that defense existed so as to trigger its liability for defendants' costs of that defense." (*Id.*) The Court agrees with the reasoning in the Report that the law is not to the contrary, (*id.*), and thus rejects this objection as well. Because the Court has found that the plaintiff was required to defend and indemnify Vaij and Garth under its policy, there is no ground upon which to reach plaintiff's fourth argument.

### II. Conclusion

For the reasons set forth above as well as for the reasons stated in the Report of Magistrate Judge Grubin, attached hereto, the Court grants in part and denies in part Vaij and Garth's motion for summary judgment on their counterclaims [doc. no. 15], as specified in the Report. (*See* Report at 19.) Because there is no further relief sought by any of the parties, the Court dismisses this action, and directs the Clerk of Court to leave it open for the sole purpose of the assessment of Vaij and Garth's expenses by Magistrate Judge Grubin. Once Magistrate Judge Grubin has assessed these expenses, the Clerk of Court should close this case.

SO ORDERED.

### REPORT & RECOMMENDATION TO THE HONORABLE KIMBA M. WOOD

GRUBIN, United States Magistrate Judge.

Pending herein is a motion for summary judgment by defendants Vaij Realty Associ-

ates and Garth Organization ("Vaij" and "Garth") on their counterclaims. I recommend that it be granted in part and denied in part.

### BACKGROUND

The following is based on the undisputed facts to the extent established by the parties' pleadings, Statements pursuant to Local Rule 56.1, and the competent, admissible evidence submitted on this motion. On or about April 25, 1996 plaintiff, U.S. Underwriters Insurance Company, issued a commercial liability policy of insurance to defendant Carline Victorin ("Victorin"), covering the premises Victorin leased as an art studio on the third floor of a building at 4 West 37th Street, New York, New York. Vaij and Garth, respectively, own and manage the 4 West 37th Street building and, as required by the lease, were named as additional insureds under the policy. On June 15, 1996 a fire broke out in Victorin's premises. At that time, defendant Weatherization, Inc., which had been hired by Victorin to renovate the art studio, was performing work thereon. Defendant Rafi Fashions, Inc. was a tenant on the first floor of the building, whose stock in trade, consisting of clothing and other items, was damaged by the fire and resulting activation of the water sprinklers on the first floor. On July 15, 1996 Rafi sued Weatherization, Victorin, Vaij and Garth in New York State Supreme Court for damages.

The allegations of the complaint in that action that are relevant herein were as follows:

10. At all times hereinafter mentioned, defendant VAIJ, by and through its agents, servants and/or employees, maintained, managed, supervised, controlled, repaired and inspected the premises.

11. At all times hereinafter mentioned, defendant GARTH, by and through its agents, servants and/or employees, maintained, managed, supervised, controlled, repaired and inspected the premises.

12. At all times hereinafter mentioned, defendant VICTORIN, by its agents, servants and/or employees entered into a contract with defendant WEATHERIZA-

TION, INC., for the repair, renovation and/or alteration of the third floor of the premises.

13. Defendant, VAIJ, acting through its agents, servants and/or employees, provided defendant VICTORIN with written and/or oral authorization to engage property construction contractors for the purposes of the repair, alteration and/or renovation of the third floor of the premises by defendant WEATHERIZATION, INC. ·

14. Defendant, GARTH, acting through its agents, servants and/or employees, provided defendant VICTORIN with written and/or oral authorization to engage property construction contractors for the purposes of the repair, alteration and/or renovation of the third floor of the premises by defendant WEATHERIZATION, INC.

\*     \*     \*     \*     \*     \*

17. On or about June 15, 1996, a fire was caused to start in the third floor of the premises.

\*     \*     \*     \*     \*     \*

20. The aforesaid occurrence and resulting property damages to the plaintiff were due solely to the carelessness, recklessness and negligence of the defendants, individually and acting in concert, without any fault or wrongdoing on the part of the plaintiff contributing thereto.

21. The aforesaid occurrence and resulting property damages to the plaintiff were due solely to the carelessness, recklessness and negligence of the defendants, individually and acting in concert, in the maintenance, management, control, supervision, inspection, alteration, renovation and/or repair of the third floor of the premises.

(Ex. A to Complaint herein).

Plaintiff U.S. Underwriters disclaimed coverage and refused to defend Vaij and Garth ·in that action based on the following clause in the insurance policy:

## INDEPENDENT CONTRACTORS EXCLUSION

It is agreed that this policy shall not apply to Bodily Injury, Personal Injury or Property Damage arising out of operations performed for any insured by independent contractors or acts or omissions of any insured in connection with his general supervision of such operations. ·

Vaij and Garth Statement Pursuant to Local Rule 3(g) ¶ 13; Plaintiff's Local Rule 56.1 Statement ¶ 13. In October 1996 plaintiff commenced the instant action against Weatherization, Victorin, Vaij, Garth and Rafi, seeking a declaratory judgment that under the policy it was not required to defend and/or indemnify in the state court action any of the defendants. Vaij and Garth asserted counterclaims seeking a declaratory judgment that the policy did provide coverage and required plaintiff to defend and indemnify them in the state court action and seeking their costs therein as well as their costs in the instant action.

Thereafter this case was referred to me, and in March 1997 after conference I ordered the parties to complete discovery within 90 days. In June I was informed that the state court action had been settled and the only remaining issue herein would be whether plaintiff is obligated to pay Vaij and Garth's costs for the state action and this action. The instant motion seeking that relief was subsequently filed.

## DISCUSSION

Under Rule 56(c) of the Federal Rules of Civil Procedure a motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party must initially satisfy a burden of demonstrating the absence of a genuine issue of material fact, which can be done merely by pointing out that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party then must meet a burden of coming forward with "specific facts showing that there is a genuine issue for trial," Fed.R.Civ.P. 56(e), by "a showing sufficient to establish the existence of [every] element essential to that

party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. at 322, 106 S.Ct. 2548.

The court "must resolve all ambiguities and draw all reasonable inferences in favor of the party defending against the motion." *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 249 (2d Cir.1985). *See also Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Hathaway v. Coughlin,* 841 F.2d 48, 50 (2d Cir.1988); *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). The court is to inquire whether "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party," *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and to grant summary judgment where the non-movant's evidence is irrelevant or merely colorable, conclusory, speculative or not significantly probative, *id.* at 249–50, 106 S.Ct. 2505; *Knight v. U.S. Fire Ins. Co.,* 804 F.2d at 12, 15; *Argus Inc. v. Eastman Kodak Co.,* 801 F.2d 38, 45 (2d Cir.1986), *cert. denied,* 479 U.S. 1088, 107 S.Ct. 1295, 94 L.Ed.2d 151 (1987). To determine whether the nonmoving party has met his or her burden, the court must focus on both the materiality and the genuineness of the factual issues raised by the nonmovant. As to materiality, "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248, 106 S.Ct. 2505. A dispute over irrelevant or unnecessary facts will not preclude summary judgment, *id.,* but the presence of unresolved factual issues that are material to the outcome of the litigation mandates a denial of the summary judgment motion. *See, e.g., Knight v. U.S. Fire Ins. Co.,* 804 F.2d at 11–12.

Once the nonmoving party has successfully met the burden of establishing the existence of a genuine dispute as to an issue of material fact, summary judgment must be denied unless the moving party comes forward with additional evidence sufficient to satisfy his or her ultimate burden under Rule 56. *See*

*Celotex Corp. v. Catrett,* 477 U.S. at 330 & n. 2, 106 S.Ct. 2548 (Brennan, J. dissenting). In sum, if the court determines that "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

It is well-settled that an insurer's duty to defend is "exceedingly broad," and that the insurer must provide a defense to an action if the four corners of the complaint potentially or arguably state a cause of action that may fall within the protection of the policy it issued. *United States Fidelity & Guar. Co. v. Executive Ins. Co.,* 893 F.2d 517, 519 (2d Cir.1990); *Continental Cas. Co. v. Rapid–American Corp.,* 80 N.Y.2d 640, 648, 593 N.Y.S.2d 966, 969, 609 N.E.2d 506 (1993) ("insurer must defend whenever the four corners of the complaint suggest ... a reasonable possibility of coverage"); *Colon v. Aetna Life & Cas. Ins. Co.,* 66 N.Y.2d 6, 8–9, 494 N.Y.S.2d 688, 689, 484 N.E.2d 1040 (1985) (insurer must defend "whenever the allegations of the complaint ... fall within the risk covered by the policy"); *Seaboard Sur. Co. v. Gillette Co.,* 64 N.Y.2d 304, 310, 486 N.Y.S.2d 873, 876, 476 N.E.2d 272 (1984) ("duty of the insurer to defend ... rests solely on whether the complaint alleges any facts or grounds which bring the action within the protection purchased"); *Ruder & Finn Inc. v. Seaboard Sur. Co.,* 52 N.Y.2d 663, 669–70, 439 N.Y.S.2d 858, 861, 422 N.E.2d 518 (1981) ("If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be...." (citations omitted)).

■ The insurer's duty is triggered even though a complaint may rest on "an untenable theory," *International Paper Co. v. Continental Cas. Co.,* 35 N.Y.2d 322, 326, 361 N.Y.S.2d 873, 876, 320 N.E.2d 619 (1974), contain false or groundless allegations, *Colon v. Aetna Life & Cas. Ins. Co.,* 66 N.Y.2d at 9, 494 N.Y.S.2d at 689, 484 N.E.2d 1040, *Seaboard Sur. Co. v. Gillette Co.,* 64 N.Y.2d at

310, 486 N.Y.S.2d at 876, 476 N.E.2d 272, or "'is poorly or incompletely pleaded.'" *United States Fidelity & Guar. Co. v. Executive Ins. Co.*, 893 F.2d at 519 (quoting *Ruder & Finn Inc. v. Seaboard Sur. Co.*, 52 N.Y.2d at 670, 439 N.Y.S.2d at 861, 422 N.E.2d 518), or "the allegations of the complaint are ambiguous or incomplete." *Id.* (quoting *Ogden Corp. v. Travelers Indemnity Co.*, 681 F.Supp. 169, 172–73 (S.D.N.Y.1988)). The insurer's ultimate liability on the claim asserted is irrelevant. *Colon v. Aetna Life & Cas. Ins. Co.*, 66 N.Y.2d at 8, 494 N.Y.S.2d at 689, 484 N.E.2d 1040 ("The ultimate responsibility of the insured is not a consideration."); *Ruder & Finn Inc. v. Seaboard Sur. Co.*, 52 N.Y.2d at 670, 439 N.Y.S.2d 858 at 861, 422 N.E.2d 518; *International Paper Co. v. Continental Cas. Co.*, 35 N.Y.2d at 327, 361 N.Y.S.2d at 876, 320 N.E.2d 619. Furthermore the insurer's duty to defend includes actions "in which alternative grounds are asserted, even if some are without the protection purchased," *Ruder & Finn Inc. v. Seaboard Sur. Co.*, 52 N.Y.2d at 670–71, 439 N.Y.S.2d at 861, 422 N.E.2d 518.

■ An insurer may avoid the duty to defend by showing that the allegations in the underlying complaint are within a policy exclusion, but the insurer bears a "heavy burden" of establishing that the claims are completely within that exclusion. *City of Johnstown v. Bankers Standard Ins. Co.*, 877 F.2d 1146, 1149 (2d Cir.1989); *Steuben Contracting, Inc. v. Employers Ins. of Wausau*, 975 F.Supp. 479, 481 (W.D.N.Y.1997); *Seaboard Sur. Co. v. Gillette Co.*, 64 N.Y.2d at 311, 486 N.Y.S.2d at 876, 476 N.E.2d 272. To meet that burden, the insurer must demonstrate that the allegations of the complaint against which it is being asked to defend are "solely and entirely within the policy exclusions." *International Paper Co. v. Continental Cas. Co.*, 35 N.Y.2d at 325, 361 N.Y.S.2d at 875, 320 N.E.2d 619. "Any doubt as to whether the allegations of the complaint state a claim that falls within the policy must be resolved in favor of the insured and against the insurer." *United States Fidelity & Guar. Co. v. Executive Ins. Co.*, 893 F.2d at 519.

■ Here, movants Vaij and Garth were clearly entitled to a defense by plaintiff because the language of the complaint in the state court action is sufficiently broad to embrace claims that fell outside the Independent Contractors Exclusion. That complaint alleged not only that Rafi suffered damages because of the actions of Weatherization but also separately alleges that Rafi's damages were otherwise caused by each of the defendants "individually." Paragraphs 20 and 21 of the complaint both commence as follows:

> The aforesaid occurrence and resulting property damages to the plaintiff were due solely to the carelessness, recklessness and negligence of the defendants, individually and acting in concert . . .

Paragraph 20 then is completed to plead the absence of contributory negligence by the plaintiff: "without any fault or wrongdoing on the part of the plaintiff contributing thereto." Paragraph 21 is completed to plead that the negligence of each defendant was "in the maintenance, management, control, supervision, inspection, alteration, renovation and/or repair of the third floor of the premises." Clearly, the complaint fairly must be read to allege negligence by Vaij and Garth by reason of a variety of duties owed by them, wholly apart from any acts of Weatherization that may or may not have contributed to the fire. While the complaint could have been more artfully drafted, its broad and alternative theories of negligence against each defendant, both inclusive of and apart from negligence by Weatherization, entitled Vaij and Garth to protection under their policy with plaintiff.

■ Although plaintiff styles its arguments against Vaij's and Garth's motion as opposition to defeat summary judgment, plaintiff does not purport to raise any issue of fact requiring trial. Rather, plaintiff apparently, by means of its memorandum of law in opposition to the motion of Vaij and Garth, an accompanying declaration of its attorney and a redacted report of its own investigators, seems to seek summary judgment for itself without moving for it. This procedural irregularity is, in any event, of no consequence because plaintiff has raised neither any issue of fact to defeat the motion of

Vaij and Garth nor any principle of law to show that Vaij and Garth are not entitled to judgment as a matter of law for the reasons stated above. Plaintiff simply argues that the state court complaint should not be read in the way it clearly must be but, rather, that the Independent Contractors Exclusion clause requires judgment in its favor.[1] In addition, plaintiff points to the following "evidence": (a) that Vaij and Garth admit in their answer to the complaint herein that the fire started on Victorin's premises and that the fire was "precipitated" by work being performed by Weatherization; (b) apparently that Victorin and Weatherization have stated Weatherization used a blow torch during the course of its work;[2] and (c) that plaintiff's own investigator issued a report concluding that the fire was caused by the negligence of the independent contractor Weatherization and containing the statement that on the morning of the fire Ms. Victorin "received a phone call from Ken Friedland of Garth Organization, informing her that there had been a fire that originated on her floor" and that "[s]he was told it was caused by men working on the floor." Exhibit B to Affidavit of Carl W. Lung, p. 2. Even were the last item of "evidence" not impermissible hearsay, neither these contended "admissions" by Vaij and Garth nor plaintiff's own self-serving hearsay, which plaintiff argues "proves" that the fire was caused by Weatherization, is relevant to the issue in the instant case. The issue is not what actually may have caused the fire, but what the allegations of the state court complaint were.[3] As discussed, plaintiff's duty to defend in that action is defined solely by that complaint.[4]

■ Where, as here, an insured is forced to defend an action because the insurer wrongfully refused to provide a defense, the insured is entitled to recover its reasonable defense costs, including attorney's fees. *See, e.g., Burroughs Wellcome Co. v. Commercial Union Ins. Co.*, 713 F.Supp. 694, 697 (S.D.N.Y.1989) ("[A] breach of the covenant

---

1. Plaintiff also argues that Vaij and Garth are not entitled to their defense costs because "whether plaintiff has a duty to defend has been rendered moot by the settlement of the underlying action." *See* Plaintiff's Memorandum of Law in Opposition, Point I. This contention should be summarily rejected. (Indeed, that plaintiff itself does not believe in its merits is apparent from the fact that it argues the point in all of two pages of its 25-page memorandum of law.) That plaintiff currently, of course, can have no duty to defend an action that is terminated, is irrelevant to whether its duty to undertake that defense existed so as to trigger its liability for defendants' costs of that defense. None of the cases cited by plaintiff stands for the proposition it attempts to urge, that successful termination of the state court action in defendants' favor is required. Indeed, the law is to the contrary. If plaintiff's contention were correct, it seems to me that insurance coverage would be rendered meaningless because, under plaintiff's theory, if a defendant insured were found negligent by a court or jury, it would not be entitled to the very point of the policy, *i.e.*, coverage by the insurer.

2. Plaintiff submits a Notice to Admit it apparently served on Victorin and Weatherization in this action which seeks this admission, *inter alia*, but does not submit any response by either party. According to Vaij and Garth, the request was never admitted, and I surmise there was no response at all to the Notice to Admit in light of the settlement reached shortly after it was served.

3. Why plaintiff even puts forth these pieces of "evidence" is curious. Ironically, plaintiff, who is no doubt well aware of the proper principles of law, in attempting to argue a different point in a portion of its memorandum of law, states that a "causation analysis" is an inappropriate inquiry "because coverage is determined by comparing the allegations of the complaint to the terms of the policy—not by trying the underlying case to determine the actual cause of the injury." Plaintiff goes on to point to a decision of this court wherein "[n]o inquiry as to the actual cause of [claimant's] injury was made. All the court needed to determine coverage was the language of the exclusion and the language of the underlying complaint. The language contained in the underlying complaint, regardless of their [sic] merit, determines whether the insurer has a duty to defend.'" Plaintiff's Memorandum of Law in Opposition, p. 19 (citations omitted).

4. It might be noted in any event, for what it may be worth, that plaintiff's evidence of the cause of the fire is far from adequate proof on its face, and that even if the "admissions" put forth were proper, they would be to no avail. *See, e.g., United States Fidelity & Guar. Co. v. Executive Ins. Co.*, 893 F.2d at 519–520 ("If an insurer could escape its duty to defend by pointing to denials of liability in a potential insured's answer, it might never have to defend."); *Colon v. Aetna Life & Cas. Ins. Co.*, 66 N.Y.2d at 10, 494 N.Y.S.2d at 690, 484 N.E.2d 1040 (criticizing insurer's reliance on its own investigation in refusing to defend insured).

to defend makes the insurer liable to the insured for the reasonable counsel fees and necessary expenses incurred ... Such a recovery may properly be the subject of a motion for summary judgment."); *Colon v. Aetna Life & Cas. Ins. Co.*, 66 N.Y.2d 6, 494 N.Y.S.2d 688, 484 N.E.2d 1040 (1985) (affirming summary judgment on claim for attorney's fees incurred in defending action insurer wrongfully refused to defend); *United States Fidelity & Guar. Co. v. Copfer*, 48 N.Y.2d 871, 873, 424 N.Y.S.2d 356, 357, 400 N.E.2d 298 (1979) (affirming award of expenses incurred in defending action insurer wrongfully refused to defend); *International Paper Co. v. Continental Cas. Co.*, 35 N.Y.2d 322, 361 N.Y.S.2d 873, 320 N.E.2d 619 (1974) (reinstating lower court ruling awarding legal fees and disbursements incurred in defending action insurer wrongfully refused to defend).

▮▮▮▮▮ Vaij and Garth claim to have expended $14,287.35 for legal fees and expenses in the state court action, only half of which (because of co-insurance)—$7,143.68—would be owed by plaintiff. However, the amount is set forth by means of two sentences in the affirmation of their attorney submitted in support of the motion, and the same sentences are repeated in their Rule 56.1 Statement.[5] However, there is no supporting documentation whatsoever nor anything further said by their attorney with respect to the amount. While plaintiff does not controvert the statement of amount, it is, nevertheless, insufficient to permit an award to be made by this court which has a duty to determine the reasonableness of the amount. A fee applicant bears the burden of adequately documenting the request, including the hours expended and the hourly rate applied to those hours. *See, e.g., Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir.1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). To establish hours

spent by each attorney at a firm, the fee applicant is to furnish contemporaneous time records specifying the date, the hours and the nature of the work done, *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir.1983), although typed listings drawn from computerized billing records or attorney affidavits based on contemporaneous records will suffice if they "provide a fully detailed itemization of the dates that work was performed, a description of the work done, and the time expended." *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d at 1160; *see also S.J. Berwin & Co. v. Evergreen Entertainment Group, Inc.*, No. 92 Civ. 6209(WK), 1994 WL 501753 at *2 (S.D.N.Y. Sept.14, 1994); *David v. Sullivan*, 777 F.Supp. 212, 223 (E.D.N.Y. 1991). It is then the court's role to assess the reasonableness of the request based on various factors. *See Envirosource, Inc. v. Horsehead Resource Dev't Co.*, 981 F.Supp. 876, 878–84 (S.D.N.Y.1998); *Broadcast Music, Inc. v. R Bar of Manhattan, Inc.*, 919 F.Supp. 656, 661 (S.D.N.Y.1996); *Commercial Union Ins. Co. v. International Flavors & Fragrances, Inc.*, 639 F.Supp. 1401, 1404 (S.D.N.Y.1986).

Vaij and Garth shall have 30 days to submit a proper fee application. A review of the cases cited above should be sufficient to guide them in what is necessary.

Vaij and Garth also seek their fees and expenses for the instant action. It is well settled that an insured may recover such sums incurred in successfully defending a declaratory judgment action brought by the insurer to avoid its obligation to defend under the policy. *See Employers Mut. Cas. Co. v. Key Pharmaceuticals*, 75 F.3d 815, 824 (2d Cir.1996); *Commercial Union Ins. Co. v. International Flavors & Fragrances, Inc.*, 639 F.Supp. at 1402; *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 21, 416 N.Y.S.2d 559, 564, 389 N.E.2d 1080 (1979); *Empire Ins. Co. v. Silbowitz*, 243 A.D.2d 251,

---

5. Paragraphs 22 and 23 of both the affirmation and the Rule 56.1 Statement state, in their entirety:

    22. The legal fees incurred on behalf of Vaij and Garth in the Rafi Action total the sum of $13,737.60 and $549.75 was paid to [sic] in expenses.

    23. The total amount of fees and expenses is in the sum of $14,287.35 in which U.S. Underwriters is responsible for the one-half sum equal to $7,143.68.

663 N.Y.S.2d 7, 8 (1st Dep't 1997); *Government Employees Ins. Co. v. DiCrisci*, 70 A.D.2d 628, 628, 416 N.Y.S.2d 639, 640 (2d Dep't 1979).

However, sums incurred in prosecuting claims against the insurer, such as through counterclaims like those herein, are not recoverable. *See Commercial Union Ins. Co. v. International Flavors & Fragrances, Inc.*, 639 F.Supp. at 1402–03 (expenses awarded to insured for defending declaratory judgment action, but not for pursuing its counterclaim against insurer); *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d at 21, 416 N.Y.S.2d at 564, 389 N.E.2d 1080 (expenses denied to insured where it had been insured who brought action against insurer for declaratory judgment); *Johnson v. General Mutual Ins. Co.*, 24 N.Y.2d 42, 49–50, 298 N.Y.S.2d 937, 942, 246 N.E.2d 713 (1969) (expenses awarded to insured for defending declaratory judgment action brought by injured party to compel insurer to defend, but expenses incurred for prosecuting cross-claims against insurer denied); *National Casualty Ins. Co. v. City of Mount Vernon*, 128 A.D.2d 332, 335 n., 515 N.Y.S.2d 267, 269 n. (2d Dep't 1987) (expenses awarded for defending insurer's declaratory judgment action, but expenses incurred in prosecuting counterclaim against insurer for expenses denied); *Allstate Ins. Co. v. Aetna Cas. & Sur. Co.*, 123 Misc.2d 932, 934, 475 N.Y.S.2d 219, 221–22 (N.Y.Sup.1984) (expenses awarded for defending insurer's declaratory judgment action, but expenses incurred for prosecuting cross-claim and counterclaims against insurers denied). This principle is so because, as succinctly explained by Judge Milton Pollack, "[t]he availability of legal costs for defending a declaratory judgment action brought by an insurer is a narrow exception to the well established rule in this country that litigants are not permitted to recover attorneys' fees for the successful prosecution or defense of their rights." *Commercial Union Ins. Co. v. International Flavors & Fragrances, Inc.*, 639 F.Supp. at 1403.

**6.** It may be, depending upon the extent and nature of discovery that occurred herein prior to settlement of the state court action, that a simple demarcation by the date of that resolution is appropriate, with expenses herein after that date

Accordingly, Vaij and Garth are entitled to their costs herein arising out of their defense to this action, but not those costs arising out of their pursuit of their counterclaims for their costs. Within 30 days, they shall submit their application, again in proper form as indicated earlier. In addition, they shall provide sufficient detail to assess whether the amounts sought are attributable to defense rather than prosecution of the counterclaims.[6]

## CONCLUSION

For the above reasons, I recommend that Vaij and Garth's motion for summary judgment be granted to the extent that they shall recover the legal fees and expenses they incurred in defending the state court action and those fees and expenses incurred in defending the instant action, but denied as to those fees and expenses herein arising out of their prosecution of their counterclaims. I further recommend that, no further relief being sought herein by any other parties, the order issued by your Honor direct entry of judgment of dismissal of this action, but for a determination of the amounts awarded to Vaij and Garth herein.

The parties are hereby directed as follows. Within 30 days Vaij and Garth shall submit their statements for expenses in proper form supported by necessary documentation. If plaintiff has any dispute with that submission, it shall so inform the undersigned and shall be permitted 14 days to submit its response. If a hearing should be necessary, it will be scheduled. The parties are encouraged, however, given what would appear to be relatively small sums involved, to discuss a possible mutual resolution of the matter instead of incurring further expense by the preparation of these submissions. If my assistance would be helpful toward that end, they should so inform me.

The parties are hereby directed that if you have any objections to this Report and Rec-

having resulted presumably only from the instant motion on the counterclaims. *Cf. Commercial Union Ins. Co. v. International Flavors & Fragrances, Inc.*, 639 F.Supp. at 1404.

ommendation you must, within ten (10) days from today, make them in writing, file them with the Clerk of the Court and send copies to the Honorable Kimba M. Wood, to the opposing party and to the undersigned. Failure to file objections within ten (10) days will preclude later appellate review of any order that will be entered by Judge Wood. *See* 28 U.S.C. § 636(b) (1); Rules 6(a), 6(e), and 72(b) of the Federal Rules of Civil Procedure; *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL—CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health and Human Services,* 892 F.2d 15, 16 (2d Cir.1989) (per curiam); *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983) (per curiam).