OPINION OF THE COURT

Per Curiam.

Order entered February 8, 1980 (Wilk, J.) modified to the extent of reversing so much thereof as denied defendant’s motion for summary judgment, and as so modified affirmed, with $10 costs to the defendant; defendant’s motion for summary judgment is granted and the complaint is dismissed.
Plaintiff, an attorney representing an infant injured in an accident, brought this action by amended complaint dated October 5, 1979 to recover $10,000 for professional services rendered on behalf of the infant and his parents in connection with a disclaimer declaratory judgment action brought by the defendant, Michigan Millers Mutual Insurance Co. ("Michigan Millers”). The amended answer pleaded general and specific denials as well as five affirmative defenses including the following: "Fourth. At the time of settlement of a personal injury action, the clients of the Plaintiff released the Defendant from any and all claims, including counsel fees.”
Plaintiff’s infant client, while riding a bicycle on June 3, 1977, was allegedly struck and injured by defendant Michigan Millers’ insured. Plaintiff brought an action on behalf of the infant against the driver and owner of the offending motor vehicle. An insurance company investigation disclosed that *510 the individual named as the driver was not involved in the accident, that his license had been stolen, and that the owner of the vehicle could not be found. The defendant insurer then brought a declaratory judgment action in November, 1977, naming as defendants the infant, his parents, the named driver and the owner of the vehicle, its insured. The complaint in the declaratory judgment action sought a determination that Michigan Millers had no obligation to the defendants, Siders (plaintiffs clients) under the no-fault law. The declaratory judgment action was tried without a jury on November 8 and November 14, 1978 before Judge Fusco. Michigan Millers was held liable for coverage under the policy and it contributed $10,000, the face amount of the policy, in full settlement of all claims.
A release executed on December 7, 1978 by the parents of the infant provided for releases and discharges of Michigan Millers "from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialities, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty, or equity * * * Releasor’s heirs, executors, administrators, successors and assigns hereafter can, shall or may, have for, upon, or by any reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this Release.”
Defendant Michigan Millers moved in the instant action for summary judgment on December 14, 1979, alleging full settlement for the face amount of the policy, and a compromise, stipulation and release. Plaintiff cross-moved for summary judgment. In opposing defendant’s motion, plaintiff seeks to distinguish the action in which the release was executed from the declaratory judgment action in which plaintiffs clients were required to obtain representation to resist and eventually have the said lawsuit rejected. Conceding that the Siders were not the named insured under the Michigan Millers policy on which a disclaimer was sought, plaintiff urges that they were "insured persons” and beneficiaries of the insurance which placed them in the same position and with exactly the same rights and remedies as the other named defendants. It is the wrongful acts and omissions of the disclaiming carrier, it is alleged, which imposes the obligation for attorney’s fees, when the carrier is unsuccessful rather than the status of the person who has incurred the attorney’s *511 fees which is controlling. In Mighty Midgets v Centennial Ins. Co. (47 NY2d 12, 16, 21) the Court of Appeals held: "that the insurer is not liable for attorneys’ fees and disbursements necessarily incurred in the policyholder’s successful prosecution of the action it brought to compel the insurer to comply with its policy obligations. * * * It is the rule in New York that such a recovery may not be had in an affirmative action brought by an assured to settle its rights * * * but only when he has been cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations”. Recovery is denied even though the carrier loses the controversy and is held responsible for the risk (Sukup v State of New York, 19 NY2d 519; Doyle v Allstate Ins. Co., 1 NY2d 439).
Where, however, the action is brought by an injured person against both an insured and the insurer, and "the expense of defending the declaratory judgment actions arose as a direct consequence of the insurer’s breach of its duty to defend the tort actions”, the expense is a compensable damage sustained by the insured (Johnson v General Mut. Ins. Co., 24 NY2d 42, 49-50). It is clear, therefore, that an insured is entitled to recover expenses incurred in defending a declaratory judgment brought as a result of an insurer’s disclaimer (see, also, Glens Falls Ins. Co. v United States Fire Ins. Co., 41 AD2d 869, 870). What is not perfectly clear from the case authority is whether the recovery of legal expenses incurred in defending a disclaimer is limited to the insured. It may be implied, however, from the decision in Glens Falls Ins. Co. v United States Fire Ins. Co. (supra) that the right to such recovery is derived exclusively from the contractual relationship between the insured and the insurer. In that case, it was held that the operator of the vehicle was included in the definition of "persons insured” in the subject policy, as operating the vehicle with the permission of the named insured.
In holding that "[a]n insured is entitled to recover the expenses of defending a declaratory judgment brought as a result of an insurer’s breach of its obligation to defend a tort action related to its disclaimer,” (Glens Falls Ins. Co. v United States Fire Ins. Co., supra, p 870) the courts have generally related the right to recover, to the breach of the insurance contract. In commenting on the decisions in Johnson v General Mut. Ins. Co., and Glens Falls Ins. Co. v United States Fire Ins. Co. (supra) the Court of Appeals in Mighty Midgets v *512 Centennial Ins. Co. (47 NY2d 12, 21, supra) noted: "Essentially, the latter cases find support in the theory that an insurer’s responsibility to defend reaches the defense of any actions arising out of the occurrence.” Accordingly, the plaintiff may not prevail in this action for legal expenses incurred by his clients in defending the disclaimer action. Further, plaintiff’s right to bring this action is, in any event, merely derivative, and he has failed to overcome the legal effect of the release executed by his clients. By its terms it includes all claims, "by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this Release.” The release was executed by the assignors on December 7, 1978. Any claim for legal fees in the declaratory judgment action would have accrued by November 14, 1978, the date the action was decided in favor of plaintiff’s clients, and would be included in the release.
Concur: Dudley, P. J., Hughes and Tierney, JJ.