OPINION OF THE COURT
Wayne P. Saitta, J.
Plaintiff, Lancer Insurance Company, moves this court for an order pursuant to CPLR 3212 for summary judgment against the insured participant defendants and for a default judgment against defendants Juana Torres and Catherine Duran.
Plaintiffs motion is denied for the reasons set forth below.
Plaintiff brings this motion seeking a default judgment in its declaratory action against Torres and Duran, stating that a motor vehicle accident of June 5, 2010 (the accident), was staged, and that plaintiff has no obligation to provide no-fault coverage or indemnity or defense to any of the participants named in its declaratory action. The motion also seeks dismissal of the counterclaims of defendant Utopia Equipment for no-fault benefits as assignee of the named defendants and seeking attorneys’ fees for the cost of defending this action.
Plaintiff brought this declaratory action and effectuated service against all of the defendants with the exceptions of Torres and Duran. Plaintiff was granted a default judgment as against each defendant except Torres and Duran.
Plaintiff thereafter obtained an order to serve Torres and Duran by publication on November 15, 2011. Plaintiff served defendants by publication but neither defendant has appeared or answered.
The November 15, 2011 order also granted a judgment against the defaulting defendants declaring that the accident of June 5, 2010 was an intentional and uncovered event, and that Lancer had no duty to afford any insurance coverage to those defendants.
The declaratory judgment was not granted as to defendants Torres and Duran. The order made no determinations as to Utopia’s rights under the policy by the purported assignments of Torres and Duran.
Plaintiff submits the affidavit of a supervisor for Lancer, Jim Dunn, in support of its motion. Dunn states his opinion is based in part on the depositions of several defendants and the police accident report. However, since Dunn does not reference the *174 sources of his information, it is unclear where he obtained certain of his facts as they are not found in the depositions or the police report annexed to the plaintiffs motion.
Dunn alleges that Marleny Reyes contacted D. Wiltshire Stretch Limo Inc. for a ride to an event. The limo, driven by Leslie Lezea, picked up Reyes and two other female passengers at 141st Street and Cyprus Avenue, Bronx, New York. Dunn states the passengers directed Lezea to take them to a liquor store and then to return to 141st and Cyprus to pick up four more passengers. They then directed Lezea to take a particular route to a location in Manhattan for a birthday party. While en route, at approximately Cyprus and 135th Street, the limo was struck by a minivan. Plaintiff alleges a minivan intentionally sideswiped the limo.
Plaintiff argues that because the passengers in the limo were all intoxicated when they entered the limo, they cannot testify about any fact related to the loss. Plaintiff alleges that although the passengers did not know one another, they all sought the same treatment at the same facilities. The police officer who reported to the scene stated that he “concludes accident is suspicious and injuries questionable.”
Plaintiff argues that evidence gathered in that investigation supports the fact that the accident was staged. Among the facts it argues are indicia of fraud are that Laura Ezequiel purchased the minivan a month prior to the loss for $800, she obtained insurance on it but did not know from whom she purchased the vehicle, that she was out of work and had to borrow money to purchase the vehicle, and that she changed her cell phone number after the accident and did not remember it. Plaintiff also argues that similarities between the passengers in the limo and Ezequiel support its position that the accident was staged, including the fact that they are all Honduranian. Plaintiff also points out that Ezequiel was going drinking that day, and that the passengers in the limo were drunk.
Plaintiff argues that it is entitled to a declaratory judgment that the accident of June 5, 2010 was intentionally staged and therefore an uncovered event and it owes no coverage, indemnification or defense to any party to this action.
Plaintiff argues that Utopia’s counterclaims for no-fault benefits assigned to it by Torres and Duran should be dismissed as the accident was staged and thus an uncovered event. Plaintiff argues that Utopia’s claims for attorneys’ fees should be denied for the additional reasons that it is premature and *175 that neither it nor its assignors were named insureds on the policy.
Utopia argues that it is an assignee of the two injured defendants who remain in the case, Torres and Duran, and that Utopia is entitled to their no-fault medical benefits as it provided medical equipment to the defendants in reliance on the understanding that Utopia would be compensated for its services under the terms of the policy issued by Lancer.
Utopia argues that the order granting a declaratory judgment against defaulting defendants does not extinguish Utopia’s claims.
Default Judgment against Torres and Duran
Plaintiff argues that it is entitled to a default judgment against defendants Torres and Duran as they were served by publication but failed to answer or appear in this action.
Plaintiffs motion for a default judgment against defendants Torres and Duran must be denied as the order which permitted service by publication did not comply with the provisions of CPLR 316 (a). CPLR 316 (a) specifically requires that the order designate the publications most likely to give notice to the person to be served.
Since the November 15, 2011 order did not specify the publications in which the notice was to be published, it was necessary for plaintiff to obtain a further order of the court designating the publications to be used. The service made without first having the court designate the publications to be used was improper and insufficient to obtain jurisdiction over the defendants. Having failed to obtain jurisdiction over Torres and Duran, plaintiff is not entitled to a default judgment against them.
Declaratory Judgment
That part of plaintiffs motion seeking a declaratory judgment against the defendants that the accident of June 5, 2010 was intentionally staged must also be denied.
Even accepting all the facts asserted by plaintiff as true, at best they provide some circumstantial evidence that a fraud might have occurred.
The allegations that the defendants were drunk and that they were Hondurans are of no probative value. The allegation that certain of the passengers did not know other passengers in the limousine is open to a variety of different interpretations. The allegation that the passengers all treated at the same facility after the accident is merely some circumstantial evidence that *176 could, together with other evidence, support an inference that the accident was staged.
Dunn’s affidavit, submitted by Lancer, is not based on personal knowledge but refers to findings from an investigation allegedly conducted by Esurance, the insurer of the minivan that struck the limousine. However, the report of the investigation by Esurance is not admissible and Lancer does not submit any admissible evidence to support Esurance’s findings. There is no affidavit from any person with knowledge as to any investigation or the findings which resulted.
Dunn states in his affidavit that “CLINTON PLACE MEDICAL, PC referred the insured passengers to their attorneys.” He then cites the depositions of Reyes, Bernárdez, Saravia, Guity and Mariano. In fact, only Bernárdez and Mariano in their depositions stated that they were referred to their attorneys by Clinton. Reyes testified someone who she did not identify gave her a card for an attorney and Saravia and Guity were not asked, nor did they mention, being referred to an attorney.
Dunn also states that the insured passengers were provided transportation to the clinic for treatment, and cites the depositions of Reyes, Bernárdez, Saravia, Guity and Mariano. While Bernárdez, Guity and Mariano acknowledged this to be true, neither Reyes nor Saravia was asked or commented about transportation.
Dunn further states that none of the same passengers was ever given the results of their MRIs. Both Reyes and Bernárdez state they did not receive MRI results. Saravia’s testimony is unclear, and neither Guity nor Mariano were asked if they received MRI results.
Circumstantial evidence may permit a finding of negligence, but only when the proof is so convincing and the response to that proof results in an inescapable finding of negligence. (Simmons v Neuman, 50 AD3d 666, 667 [2d Dept 2008].)
At best plaintiff makes out a circumstantial case from which a reasonable jury could infer either that this was or that this was not a staged accident. The circumstantial evidence presented in the moving papers is not sufficient to meet the burden for summary judgment.
Assignment of Torres’ and Duran’s Rights
As passengers in the vehicle insured by Lancer, Torres and Duran have a right to first-party benefits from Lancer, which they also had the right to assign. An accident victim may assign *177 his or her no-fault claim to a medical provider who has provided a medical service (see 11 NYCRR 65-3.11). Lancer has not contested the validity of the assignment. In this case it is clear that Lancer was aware of the assignment as it joined Utopia as a defendant.
An assignee “stands in the shoes” of an assignor. (Long Is. Radiology v Allstate Ins. Co., 36 AD3d 763, 765 [2d Dept 2007].) Where there is a valid assignment of a claim, the assignor is divested of all control and right to the cause of action. The assignee is the proper party in interest and has the right to commence and prosecute an action in its own name without joining the assignor as a necessary party. (Cardtronics, LP v St. Nicholas Beverage Discount Ctr., Inc., 8 AD3d 419 [2d Dept 2004].)
An assignee is bound by the acts of the assignor which occur prior to the assignment, but not those which occur after the assignment. (Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481 [1979].)
Utopia was assigned the right to payment from the insureds prior to Lancer’s initiation of the declaratory action and therefore the rights assigned to Utopia would be unaffected in the event that Torres and Duran should default, as any default would be subsequent to the assignment of the rights.
Right to Recover Attorneys’ Fees
An insured is entitled to recover legal expenses incurred in defending a declaratory judgment brought as a result of an insurer’s disclaimer. (Fischer v Michigan Millers Mut. Ins. Co., 103 Misc 2d 508 [1st Dept 1980]; Mighty Midgets v Centennial Ins. Co., 47 NY2d 12 [1979]; see also Glens Falls Ins. Co. v United States Fire Ins. Co., 41 AD2d 869, 870 [1973].)
Utopia is entitled to the same rights that Duran and Torres would have been entitled to if they defended against Lancer’s declaratory judgment and prevailed.
As a preliminary matter, the fact that Lancer denied coverage for what it asserts is fraud does not affect Utopia’s right to attorneys’ fees should it successfully defend against the declaratory judgment action. If the defense were successful, it would necessarily mean there was no finding that the accident was staged.
Also, while Utopia is not entitled to attorneys’ fees unless it is successful in the declaratory judgment action, it is not premature for Utopia to seek attorneys’ fees as a counterclaim in the same action. The counterclaims would only be awarded in the event Utopia defeats the declaratory judgment action.
*178 An insured is entitled to recover the expenses of defending a declaratory judgment action brought as a result of an insurer’s breach of its obligation to defend a tort action. (Johnson v General Mut. Ins. Co., 24 NY2d 42 [1969]; Mighty Midgets v Centennial Ins. Co., 47 NY2d 12 [1979].) The courts have generally related the right to recover to the breach of the insurance contract, specifically, a provision to provide a defense. The Court of Appeals in Mighty Midgets v Centennial, noted that when a party is cast in a defensive posture, “an insurer’s responsibility to defend reaches the defense of any actions arising out of the occurrence,” including declaratory judgments to deny coverage. (47 NY2d at 21.)
The cases dealing with the right to attorneys’ fees for successfully defending a declaratory judgment action by an insurer all involve insureds who were defendants in personal injury actions. There appear to be no reported decisions involving attorneys’ fees for successfully defending against a declaratory judgment action to deny first-party benefits under no fault.
The right to attorneys’ fees when an insured has been cast in a defensive posture by the legal steps taken by the insurer to free itself from its obligations under the policy arise from the provision in the policy to provide defense to the insured. “[T]he right to such recovery is derived exclusively from the contractual relationship between the insured and the insurer.” (Fischer v Michigan Millers Mut. Ins. Co., 103 Misc 2d 508, 511 [1st Dept 1980].)
Insurance Law § 5103 (a) (3) provides that any New York resident who does not otherwise have coverage for first-party benefits “is entitled to first party benefits” through the liability policy of the insured. The statute does not provide that such residents are deemed insureds under the policy.
Since the Insurance Law does not deem passengers insureds, the question is whether the policy, by its terms, makes the passengers insureds, and therefore entitled to defense, including attorneys’ fees under the policy. In some policies, the definition of “persons insured” may include persons in addition to the named insured or policyholder, such as those operating the vehicle with the permission of the named insured. (Fischer v Michigan Millers Mut. Ins. Co., 103 Misc 2d 508 [1st Dept 1980].) Whether passengers are deemed “persons insured” depends on the specific terms of the policy.
Even if the passengers are deemed insureds under the policy, they would only be entitled to attorneys’ fees for defending this *179 action if the policy required the insurer to provide them with defense, as well as indemnity. If the policy entitled them to indemnification for losses incurred only, they would not be entitled to attorneys’ fees for defending a declaratory judgment action. If passengers are deemed insureds and if they are entitled to defense and indemnification, the scope of the duty to defend and whether it would extend to the defense of a declaratory judgment would be determined by the terms of the policy, specifically the provision to defend.
A provision that the insurer would provide defense for all actions arising from an occurrence would include defense of declaratory judgment actions. However, a more restrictive defense clause which, for example, limited defense to personal injury actions or third-party actions might not.
Since the policy was not provided to the court, it cannot be determined at this time whether Utopia’s defense of this action would be covered under the terms of the policy. Therefore, that part of the motion to dismiss Utopia’s counterclaims for attorneys’ fees for defending this action must be denied.
Wherefore, plaintiffs motion for a default judgment against defendants Torres and Duran, for summary judgment on its claim for a declaratory judgment, and for dismissal of Utopia’s counterclaims is denied.